No. 35.—WILLIAM LICETH and others, plaintiffs in error, *vs.* HOWELL COBB, Governor of Georgia, &c. defendant in error.

[1.] A bail bond in a criminal case, contained a condition to this effect: that if the said A B should appear at the next term of the Superior Court, to answer the charge, and well and truly to abide by the finding of the Court, in the premises, then the bond was to be void: *Held,* that A B was not bound to appear before indictment.

*Scire Facias.* Lee Superior Court. Decided by Judge WORRELL, March Term, 1855.

This was a *scire facias* to forfeit an appearance bond, given by William Liceth and others, his sureties. The condition of the bond recited, that "whereas, the above bound William Liceth has been committed, in a case of the State against the said Liceth, for an assault with intent to murder. Now, should the said Liceth be and appear at the next term of the Superior Court for said county, to answer the said charge, and well and truly abide the finding of said Court in the premises, then the obligation is to be void, &c.

Liceth *et al. vs.* Cobb, Gov. &c.

Counsel for the defendants demurred to the *sci. fa.* : 1st. Because neither it or the bond, disclose the cause of the capture and detention of said Liceth.

2d. Because they do not show the authority of the Magistrate to take the recognizance, or that there was any examination of the said Liceth before any committing Court.

3d. Because neither the *sci. fa.* nor the order of forfeiture showed that any charge was ever preferred on account of said alledged crime, before the Grand Jury, or any indictment or other proceeding thereon. The Conrt over-ruled the demurrer, and defendants excepted.

Defendants also pleaded that the said Liceth, in fulfilment of the condition of said bond, did appear at the said term of the Court to answer said charge, but that none was preferred against him.

On motion, the Court struck out this plea, and defendant excepted.

On these exceptions error is assigned.

STROZIER & SLAUGHTER, for plaintiff in error.

SOL. GEN. LYON; HAWKINS, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] We think that the import of the condition of this bail bond is, that the principal was bound to appear at the term of the Court mentioned in the condition, *to answer to any indictment* that might be made against him. For aught that is to be seen, there was—there could have been, no other object for requiring his appearance. Did not this principal, after the giving of this bond, become free of all but his bail, to go where he pleased, until he should be indicted for the offence mentioned in the bond? Could the State, as long as he might remain unindicted, take any additional step against him? If so, what additional step could it take? Could the Superior Court, as a Court, take notice of the case before the

.case had come to exist in that Court ? ·And it is only by indictment or presentment, that a criminal case can exist in .the Superior Court.

In the opinion of this Court, there could be no breach of :the condition of this bond before indictment; and, therefore, no forfeiture of the bond before indictment.

We think, therefore, that the want of an indictment was a .good ground of demurrer to the *sci. fa.*; and, therefore, that .the Court below, should, on that ground, have sustained the demurrer to the *sci. fa.*

As to the other grounds, we think it not necessary or prop-.er to express an opinion on them.