The State vs. Lockhart.

THE STATE OF GEORGIA, plaintiff in error, vs. WILLIAM H. LOCKHART, principal, and DAVID LOCKHART, security, defendants in error.

[1.] The State has the right to prosecute writs of error to this Court, to all decisions in the Courts below, respecting bonds, recognizances &c., and all other matters, not strictly of a criminal nature.

[2.] The obligor in a recognizance is not bound to appear before indictment.

[3.] If an indictment for buglary omits to specify the felony, which the defenant intended to commit, the defect is fatal.

Scire facias to forfeit recognizance, from Taylor county. Decision by Judge WORRILL, at October Term, 1857.

On the 23d Febuary 1857, William H. Lockhart was arrested on a charge of burglary and committed to jail; afterwards on the 25th of the same month, being brought out on habeas corpus, he was discharged upon recognizance in the penal sum of one thousand dollars, conditioned for his appearance at the next Term of the Superior Court, to be held in April, to answer such matters as might then and there be charged against him by Willis McLendon "concerning the attempt to break and enter the house of the said Willis with intend to commit a rape" &c., and not to depart thence without leave of the Court, &c. David Lockhart became his security in the recognizance.

At the April Term of the Superior Court, an indictment was handed out by the Solicitor General charging him with the crime of burglary. The grand jury returned "true bill." During the same Term of the Court the case was called in its order for trial, and defendant failed to appear. A scire facias issued, calling on the said William H. and David, to shew cause at the next Term of the Court, why their recognizance should not be forfeited. Both parties were served, but only the surety appeared, who showed for cause, that the indictment was defective, in this, that in said charge for burglary therein contained, no particular felony or offence is specified

or charged as being intended or attempted to be committed by accused.

The Court sustained the objection, and refused to give judgment of forfeiture; and the Solicitor General, for the State, excepted.

T. OLIVER, Solicitor General, for the State.

MILLER—*contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

Wm. H Lockhart was recognized to appear at the April Term, 1855, of the Superior Court of Taylor county, to answer for the offence of an attempt to break and enter the dwelling house of one Willis McLendon, with intent to commit a felony. At the Term of the Court when he was bound to appear, an indictment was preferred against him and found true by the grand jury, charging the accused with attempting to break and enter the house of McLendon, with intent to commit a felony, but without specifying what felony. Lockhart was called and failing to appear, a judgment *nisi* was taken against him. A *sci. fa.* was issued calling upon the defendant to show cause at the next Term of the Court why his recognizance should not be forfeited, and he be made the absolute debtor of the State, for the amount due on his bond. He showed for cause by his counsel, that no indictment had been found against him for the offence, described in his bond, nor for any other crime. The Court sustained the objection, holding the indictment a nullity and quashed the *sci. fa.* and to reverse this judgment, this writ of error is prosecuted.

[1.] Counsel for the defendants in error move, preliminarily, to dismiss the writ of error, upon the ground that it is a criminal case and consequently cannot be prosecuted at the instance of the State.

Without instituting any inquiry at present, as to the juris-

diction of this Court over criminal cases, either as to what it is, under the organic act of 1845 or what it ought to be, by further legislation, we simply say, that this is not a criminal proceeding proper.   True it springs out of one, and is conducted in the name of the State, and is a *quasi* criminal proceeding, still there is no reason of policy or otherwise, why this Court should not entertain jurisdiction over this and the like cases.   It has done this heretofore, in numerous cases of like character.

But to the question upon the merits.

[2.] In *Liceth, et. al. vs. Cobb, Governor &c.,* 18 *Ga. Rep.* 314, this Court held that the defendant, was not bond to appear before indictment and that there could be no forfeiture of the bond before indictment, and that it is good ground of demurrer to a *sci. fa.* that it has issued before indictment. If then the indictment in this case was fatally defective, not only not charging the defendant with the particular offence for which he was recognized to appear, but with none other, then the party stands unindicted to this time, and there has necessarily been no breach of his bond.

[3.] Is an indictment for burglary sufficient, which fails to specify the particular felony which the accused intended to commit?  The Judge held that it was not, and we are inclined to think he was right.   This is matter of substance and not of form merely.  The party should be notified of the offence for which he is prosecuted.   Lockhart perhaps knew of the crime intended to be proven against him, and the ignorance pretended in all such cases, is usually feigned, a mere fiction in point of fact, and yet the public mind is not prepared for this innovation in point of pleading.   The truth is, the breaking and entering the house, constitutes the main element of burglary, regardless of the purpose, for which it was done, still it is better—it may be we are bound by the law as it is—to sustain the decision of the Court below.  Steps at legal, moral or any other species of reform, must not go too fast nor too far at once, otherwise the old and the timid are left

behind and keep back a large portion of the masses with them.

We do not intend to hold that the bond taken in this case, is not still a valid obligation, that Lockhart shall appear, whenever the state shall see fit to indict him for the offence, set forth in the condition of his bond, provided of course that a true bill be found.

Judgment reversed.