The State of Georgia vs. Woodley.

LIGON; and SIMMS, for plaintiffs in error.

BUCHANAN & W., *contra*.

THE STATE OF GEORGIA, plaintiff in error, vs. GEORGE W. WOODLEY and others, defendants in error.

See the case of The State of Georgia vs. William H. Lockhart, decided at Macon, January Term, 1858, and which covers every point made in this record.*

Scire facias to forfeit recognizance, from Henry county. Decision by Judge CABINESS, at October Term, 1857.

George W. Woodley being charged with the offence of simple larceny, (stealing a buggy and harness, the property of the estate of Raleigh Hightower, deceased,) entered into recognizance with sureties, conditioned to appear at the next

*NOTE :—The case referred to : The State vs. Lockhart, 24 Ga. Rep. p. 420.

Superior Court of Henry county, to answer the charge &c. He failed to appear and an order of forfeiture of his recognizance taken, and *scire facias* issued against the accused, and sureties to show cause why the judgment of forfeiture should not be made absolute.

The sureties appeared and pleaded, 1st. *Nul tiel* record ; 2d. Insufficiency of the indictment ; 3d. Death of their principal, and 4th. *Non est factum*

Counsel for the State demurred to the second and fourth pleas. The Court overruled the demurrer, holding that the order of forfeiture was only a judgment *nisi*, and that defendants were not precluded or estopped thereby from making any defence, which at any time they were entitled to make.

The Court having ruled and decided that all the allegations of the *scire facias* must be proven and that the indictment must be produced, counsel for the State read the *scire facias*, and offered in evidence the judgment of forfeiture *nisi*, the recognizance, the indictment with the entry thereon of " true bill," with all the other papers of record in the case.

Defendants demurred to this evidence, and after argument the Court sustained the demurrer, holding :

1st. That there was a fatal variance between the crime charged in the indictment, and that set out in the recognizance and *scire facias*.

2d. Tha there was a variance between the order of forfeiture or judgment *nisi*, and the recognizance. That the crime of simple larceny was defined in the penal code to be the wrongfully and fraudulently taking and carrying away the personal goods of another, with intent to steal the same. The offence alledged in the recognizance was the wrongfully and fraudulently taking and carrying away a carriage commonly called a buggy, the property of the estate of Raleigh Hightower, deceased. The buggy was not alleged to be the property of any *person* and therefore the crime charged did not come within the definition of theft or simple larceny in the penal code.

3d. The Court further held that the crime charged in the indictment was the stealing a buggy, the property of Hightower and        Hightower, administrators of Raleigh Hightower, deceased, and was variant from the one recited in the recognizance and *scire facias*, and did not amount to the offence of simple larceny.

Whereupon the Court ordered the *scire facias* to be dismissed, and counsel for the State excepted.

JAS. R. LYON, and CLARK & LAMAR, for plaintiff in error.

ALFORD & MOORE; and J. J. FLOYD, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

All the points in this case, were fully argued and ruled adversely to the plaintiff in error in the case of the State of Georgia against William H. Lockhart, from the Chattahoochee Circuit, decided at Macon, at the last January Term, of this Court, not yet reported.

Judgment affirmed.