Joseph E. Thurmond, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. When two defendants are indicted for an assault with intent to murder in the same bill, and the first count charges both with the offense and then specifies the particular acts done by one, and the second count specifies the particular acts done by the other, on the same day and against the same person, and one is put on trial and found guilty of assault and battery, and a motion is made to arrest the judgment on the ground that the indictment is double.

Thurmond *vs.* The State of Georgia.

*Held,* that the objection is formal merely, and not good in arrest of judgment.

2. In such case the indorsement of " true bill " on the indictment applies to both defendants.

3. Where one of the defendants only is on trial, a general verdict of guilty applies to him, and is sufficiently certain without naming him as the de· fendant who is on trial.

Criminal law. Indictment. Verdict. Before Judge RICE. Jackson Superior Court. August Term, 1875.

Reported in the opinion.

FLOYD & SILMAN; W. J. PIKE, for plaintiff in error.

EMORY SPEER, solicitor general, for the state.

JACKSON, Judge.

The defendant, with one James R. Thurmond, was indicted for assault with intent to murder, and was found guilty of assault and battery. A motion to arrest the judgment was made upon various grounds disclosed in the record; all of which were overruled by the court, and error is assigned thereon for our review.

1. The indictment in the first count, after charging both defendants with the offense, proceeds to specify the acts only of James R. Thurmond, and the second count charges Joseph E. Thurmond with the offense, and specifies his acts. We regard the objection as formal. The jury well understood with what the defendant was charged ; he understood it perfectly ; the second count makes a complete case against him, and if he objected to go to trial thereon he should have demurred. This he did not do ; and the informality was cured by his failure to do so, especially after verdict.

2. It is objected that the indorsement of " true bill " on the back of the indictment is insufficient and uncertain, as it is not known to which of the two defendants it applies. We think to both, as both are named in the indictment and charged with the offense.

3. It is further urged that the verdict is "guilty of assault

and battery," without naming the plaintiff in error. As the plaintiff in error was alone on trial, the verdict could apply to nobody else. We think the motion was properly over-ruled, as these three points are substantially all the grounds on which it rested, and there is not substance enough in either of them to sustain it.

Judgment affirmed.