JAMES P. SHARPE, plaintiff in error, *vs.* JAMES M. SMITH, governor, defendant in error.

1. The objection to an indictment that three of the grand jurors who found it true, were not on the list of legal jurors for the county, must be taken advantage of by plea in abatement, and if the defendant does not appear to make the plea, his surety is responsible on the recognizance, and cannot take advantage of such defect on the trial of the *scire facias* against him.

2. Where the surety in his answer to the *scire facias*, admits that the indictment is against the defendant for whose appearance he was bail, he cannot object to the indictment on the ground of misnomer.

Jurors. Practice in the Superior Court. Criminal law. Principal and surety. Bonds. Before Judge Kiddoo. Terrell Superior Court. November Term, 1876.

An indictment for assault with intent to murder was found against " Jeff Wheeler;" a warrant issued and recognizance was taken, signed by "A. J. Wheeler" as principal, and Huson and Sharpe as sureties. On failure to appear,

*scire facias* issued to forfeit the bond. In answer to the *rule nisi*, Sharpe set up the following defenses :

1. That the names of three of the grand jurors who preferred the indictment were not on the jury list.

2. Because there was no legal and valid true bill against A. J. Wheeler, the true bill being illegal and void; and hence his sureties were not bound for his appearance.

A rule absolute was granted, and Sharpe excepted.

Simmons & Pickett ; A. Hood, for plaintiff in error.

James T. Flewellen, solicitor general, by John T. Clarke, for defendant.

Jackson, Judge.

This was an answer to *scire facias* to forfeit recognizance by the bail. Two points are insisted on as error in the circuit court.

1. First, that three of the grand jury who found the bill were not on the jury list of legal jurors. We think as this defect does not appear on the indictment, it could be taken advantage of only by plea in abatement, and that the defendant was bound to be at court to make it, and the surety obligated himself to have him there to answer, and as the principal was not there, the bond was properly forfeited. On its face, the indictment was good.

2. Another point was made, that the principal in the bond was named differently in the bond from what he was called in the indictment—the given name being Jeff in the indictment, and A. J. in the bond; but in answering the *scire facias* we think that the surety recognizes the person he was bound for as the defendant who was indicted. The misnomer, if there was one, was proper matter for plea by the defendant to the indictment, and he had to appear to make it.

Judgment affirmed.