McDaniel, governor, *vs.* Campbell.

1. To a *scire facias* to forfeit a criminal recognizance, the surety may defend by showing that the indictment against his principal was invalid.
2. An indictment which charged a father with wilfully abandoning his child, leaving it in a dependent condition, but failed to allege that the abandonment was wilful, and that the child was left in a destitute condition, was fatally defective.
(*a*) The constitution of 1868, in adopting the code of that year, known as Irwin's code, and also the acts passed since 1861, did not ratify any unauthorized change made in codifying such acts. Therefore where the act of 1866, in respect to the abandonment of children, made it a part of the offence that they should be left in a "dependent and destitute" condition, a change of the word "and" to "or" in codifying such act was not ratified by the constitution.

November 9, 1886.

Criminal Law.    Principal and Surety.    Parent and Child.    Code.    Laws.    Before Judge Harden.    City Court of Savannah.    February Term, 1886.

Reported in the decision.

F. G. duBignon, solicitor-general, for plaintiff in error.

Garrard & Meldrim, for defendant.

Jackson, Chief Justice.

This question comes before us on an assignment of error

in the superior court in dismissing a *scire facias* to forfeit a recognizance.   One point only need be considered, and that is, whether the indictment charging the principal with abandoning his child is a good and valid indictment; for such a defence may be made to the *scire facias* by the surety.   *The State vs. Lockhart*, 24 *Ga.* 420; *State vs. Woodley and others*, 25 *Ga.* 235.   By the act of 1866, the statute in respect to abandoning children is as follows:

"An act to add an additional section to the 4th division, part 4th, title 1st, of the penal code.

SECTION 1. Be it enacted, etc., That if any father shall wilfully and voluntarily abandon his child or children, leaving them in a dependent and destitute condition, such father shall be guilty of a misdemeanor, and on conviction thereof shall be punished as for other misdemeanors."

The indictment leaves out the words " and voluntarily " and the words " and destitute."   The omission is fatal.   A man may run away wilfully from an indictment, or other cause of fear; yet he is really forced.   Such flight would hardly be voluntary.   He did not leave his child voluntarily, but was forced away, though nobody and nothing carried him off against his own will, but he went himself from fear.   Would he be guilty under this act?   Hardly.   The word "voluntarily" is stronger.   It means that he went off without any coercive cause, but freely as a pure volunteer, because he wanted to leave his family.   So to leave a child dependent does not convey the idea of absolute destitution.   The child may be cared for and comfortable and yet dependent on some charity; but left destitute, it has no protector, friend or other author of benevolent kindness feeding and clothing it.   It would seem that the strength of the crime, as defined in the statute, is emasculated of much sinew and muscle by the indictment, and the crime is not substantially charged.

But it is argued that the code of 1868 uses " or " instead of " and," and that the constitution of 1868 makes that code law.   The answer is, that it makes acts passed since

1861 also law. So that the act of 1866 has the *imprimatur* of the constitution of 1868 as fully as Irwin's code has. The codifier had no right to alter the act of 1866, and the constitution of 1868 does not ratify such alteration, but by making that code valid, it makes it so only so far as it consists with acts passed since 1861, which are also made valid.

For these reasons, the dismissal of the *scire facias* is approved, and the judgment is affirmed.