## Foote v. Gordon, governor.

1. A recognizance for the appearance of the accused to answer to an indictment for the offence of larceny will cover larceny from the house, and is not restricted to simple larceny.
2. An indictment charging burglary, and also larceny from the house, will serve as a basis for forfeiting a recognizance binding the party to appear and answer for larceny.

May 27, 1891.

Forfeiture of recognizance. Criminal law. Larceny. Indictment. Before Judge MILNER. Whitfield superior court. October term, 1890.

Reported in the decision.

MADDOX & LONGLEY, B. Z. HERNDON and R. J. & J. McCAMY, for plaintiff in error.

A. W. FITE, solicitor-general, *contra.*

SIMMONS, Justice.

Nettie McAfee entered into a recognizance, with Foote, the plaintiff in error, as one of her sureties, whereby she bound herself " to be and appear at the next superior court of said county to be held on the first Monday in October next, from day to day and from term to term, then and there to answer to a bill of indictment for the offence of larceny with which she stands charged, and shall not depart thence without the leave of said court," etc. At the October term of the court, the grand jury returned a true bill against her for burglary and for larceny from the house. Upon her failure to appear, after being duly called, a judgment *nisi* was taken, and a *scire facias* issued, calling upon her and her securities to show cause at the next term of the court why final judgment should not be entered up against them. Foote, one of the sureties, showed for cause, in substance, that he agreed to be bound for the appearance of Nettie McAfee at the October term of the court to answer to a bill of indictment charging her with the offence of larceny, but that the indictment which was afterwards found charged her with the offence of burglary; that he thought the offence of which she stood charged was a misdemeanor, but that being indicted for the offence of burglary, as to which the punishment is greater than for larceny, to wit, imprisonment in the penitentiary, the risk was much greater than he had agreed to assume. Upon

demurrer this plea was stricken for insufficiency, and Foote excepted.

1. It was contended here by counsel for the plaintiff in error that the offence being mentioned in the recognizance as larceny, it meant *simple* larceny, and as the principal was indicted for larceny from the house, a different kind of larceny from that mentioned in the recognizance, the sureties were not bound to produce her to answer either for burglary or larceny from the house. We think that when the sureties bound themselves for the appearance of their principal to answer for the offence of larceny, larceny from the house was included as well as simple larceny. The word larceny in a recognizance is not restricted to simple larceny. People *v.* Dennis, 4 Mich. 616.

2. It was also urged by counsel for the plaintiff in error that inasmuch as the indictment charged the principal with burglary, which is a higher and graver offence than larceny, it would increase his risk if he were bound to produce her to answer for the offence of burglary. As the plaintiff in error, in bringing up the record material to a clear understanding of the errors complained of in this case, failed to bring up the judgment *nisi* forfeiting the recognizance, we cannot know whether the recognizance was forfeited because the principal failed to appear and answer to the charge of burglary, or because she failed to appear and answer to the charge of larceny from the house. The judgment of the court recites that the defendant was also charged in the indictment with larceny from the house, which would indicate that the judgment *nisi* recited that she was called to answer for that offence. The judgment *nisi* not being before us, we are authorized to presume it does recite that she was called to answer for larceny from the house; and if so, the sureties were bound to produce her to answer for that offence, as we have

shown above.   For, authorities holding that the condi-
tion of the recognizance is broken when the indictment·
charges a greater offence than that named in the recog-
nizance, see *Crutchfield* v. *The State,* 24 *Ga.* 335; *Adams*
v. *The State,* 22 *Ga.* 417; also Brandt Suretyship, §435;
State *v.* Tennant, 30 La. Ann. 852; State *v.* Cole, 12
*Id.* 471; State *v.* Cunningham, 10 *Id.* 393; Pack *v.*
State, 23 Ark. 235.                    *Judgment affirmed.*