## BRAXTON v. CANDLER, Governor.

LITTLE, J. 1. A judgment absolute can not be legally rendered against the surety on a recognizance conditioned for the appearance of his principal at a named city court, " then and there to answer to the offense of simple larceny as charged in the affidavit of W. W. Tabbott," when it appears that no indictment or formal accusation was pending in said court against his principal at the time the order nisi to forfeit the recognizance was granted.

2. No legal judgment can be rendered against a surety on a recognizance conditioned for the appearance of the principal to answer to a criminal offense, unless a scire facias has been duly issued and served on such surety, if he resides in the county where issued, at least twenty days before the term to which it is returnable.

3. The court erred in overruling the motion to set aside the judgment.
    *Judgment reversed. All the Justices concurring, except Fish, J., absent.*

Submitted December 10, — Decided December 19, 1900.

Motion to set aside judgment. Before Judge Sparks. City court of Brunswick. March 5, 1900.

*Max Isaac,* for plaintiff in error. *R. D. Meader,* contra.