CANDLER, Governor, *v.* KIRKSEY *et al.*

Sureties upon a criminal recognizance may set up, in defense to a scire facias to forfeit the same, that the indictment against their principal is fatally defective, in that it fails to charge any offense against the penal statutes of the State.

Argued April 5, — Decided April 25, 1901.

Forfeiture of recognizance.   Before Judge Reece.   City court of Floyd county.   October 29, 1900.

*Moses Wright, solicitor-general,* for plaintiff.
*M. B. Eubanks,* contra.

FISH, J.   This was a proceeding to forfeit a criminal recognizance. In defense to the scire facias, the sureties set up that the indictment against their principal was fatally defective; and counsel for the State practically conceded this to be true.   The court below discharged the sureties, and this is the ruling of which complaint is made in the bill of exceptions.   The question thus made has been settled by the decisions of this court, which we are now asked to review.   In *State* v. *Lockhart*, 24 *Ga.* 420, in ruling upon the

point, the court said: "In *Liceth et al. vs. Cobb, Governor, &c.*, 18 *Ga. Rep.* 314, this court held that the defendant was not bound to appear before indictment, . . and that it is good ground of demurrer to a sci. fa. that it was issued before indictment. If, then, the indictment in this case was fatally defective, not only not charging the defendant with the particular offense for which he was recognized to appear, but with none other, then the party stands unindicted to this time, and there has necessarily been no breach of his bond." This decision was cited and approved in *State* v. *Woodley*, 25 *Ga.* 235, and in *McDaniel* v. *Campbell*, 78 *Ga.* 188. We think, as held in these cases, that an indictment which charges the principal in the recognizance with no offense against the State amounts to no indictment, and that the sureties may set up its invalidity in defense to a scire facias to forfeit the recognizance. We, therefore, upon a review of the cases above referred to, affirm the same.          *Judgment affirmed.     All the Justices concurring.*