### WILLIAMS *et al.* v. CANDLER, Governor.

The forfeiture of a criminal recognizance can not be successfully resisted by an attack on the indictment returned against the principal, unless it appears that the indictment is void.

Argued November 25, — Decided December 10, 1903.

Forfeiture of recognizance.　Before Judge Holden.　Greene superior court.　February term, 1903.

*James Davison*, for plaintiff in error.　*Joseph E. Pottle*, solicitor-general, *James B. Park*, and *George A. Merritt*, contra.

TURNER, J.　At the February term, 1900, of the superior court of Greene county, an indictment was returned by the grand jury of that county against R. A. Williams, charging him with a misdemeanor, " for that the said R. A. Williams, in the county aforesaid, on the 15th day of December, in the year of our Lord eighteen hundred and ninety-nine, with force and arms, and on divers other days and times, without first procuring license as re-

quired by law, and without registering his name before the ordinary of said county, and without paying to the tax-collector the taxes required by law for an emigrant agent, did carry on the business of an emigrant agent and did solicit emigrants and procure emigrants, contrary to the laws of said State, the good order, peace, and dignity thereof." Subsequently Williams gave bond in the sum of one thousand dollars for his appearance before the county court of said county on the 4th Monday in February, 1902. He failed to then appear ; and both he and his sureties having been called in vain, that court thereupon passed an order reciting that as said bond was for a penal sum exceeding its jurisdiction, the same should be transmitted to the superior court for forfeiture, as provided by law. The solicitor-general of the circuit then filed a petition to the said superior court, reciting the foregoing facts, and also that the indictment mentioned had, by an order of that court previously made, been transferred to the said county court. The solicitor-general prayed that the superior court should issue a rule requiring the principal and sureties to be and appear at the next term thereafter of that court, to show cause why said bond should not be forfeited, etc. A rule nisi was issued and served upon Williams and his sureties; and they filed an answer thereto, in which they set up the defense that "said indictment charges no crime against the laws of this State," for the reason that it "does not charge a violation of the tax act of 1898, and it does not charge a violation of section 601 of the Penal Code," and that accordingly neither the principal nor the sureties could be held liable under the bond.

Passing the question as to whether a principal and his sureties in a criminal recognizance, requiring the principal to appear and answer an indictment already found, can, as a defense against a forfeiture of their bond, attack the indictment as void, it need only be said that this court has in the following cases held, that, in defense of a proceeding to forfeit a criminal bond, it may be shown that the indictment is a nullity. See *State* v. *Lockhart,* 24 *Ga.* 420 ; *State* v. *Woodley,* 25 *Ga.* 235; *McDaniel* v. *Campbell,* 78 *Ga.* 188; *Candler* v. *Kirksey,* 113 *Ga.* 309. The indictment under consideration in the present case seems to charge a violation of the tax act of 1898, the 4th section of which makes penal a failure to pay the tax provided for in the tenth subdivision of sec-

tion 2 and to go before the ordinary and register (Acts 1898, pp. 24, 27), and also a violation of the provisions of the Penal Code, § 601.    There is but one count in the indictment.    Though this may be a mixed count, the elements which compose the offense therein charged relate to the same transaction.    This court, in *Woodson* v. *State*, 114 *Ga.* 844, seems to have held that an indictment for a misdemeanor, containing one count in which the offense was variously described under the two statutes aforesaid, was good and valid.    In the case of *Williams* v. *State*, 60 *Ga.* 88, the defendants were indicted for burglary, and in one count the indictment charged both burglary, and larceny from the house, of specified articles of the value of more than fifty dollars.    This court held that while the indictment might have been subject to a special demurrer for a misjoinder of offenses, yet the judgment of the court could not, after verdict, be arrested on the ground that the indictment was a mere nullity.    In the case of *Thurman* v. *State*, 55 *Ga.* 598, it was held that when two defendants are indicted for an assault with intent to murder, in the same bill, and the first count charges both with the offense and then specifies the particular acts done by one, and the second count specifies the particular acts done by the other, on the same day and against the same person, a judgment against one of the defendants should not be arrested on the ground that the indictment is double, such objection being formal merely and not good in arrest of judgment.    In the case of *Lampkin* v. *State*, 87 *Ga.* 516, this court held that the misjoinder of offenses in the same count of an indictment is matter of form, and, under the code of Georgia, is no ground for arresting judgment upon a verdict finding the accused guilty of one of the offenses so charged.    In this last case it was also ruled that offenses differing from each other may be included in the same indictment, provided they are of the same nature and differ only in degree.    Perhaps, also, it might be said that if the indictment in the present case charges two offenses, the State could elect upon which part of the count it would proceed.    *Gilbert* v. *State*, 65 *Ga.* 449.    In this state of the law, we hold that Williams, the principal, was bound to appear and answer the indictment returned against him ; and it follows, of course, that his sureties were likewise bound by their undertaking.

*Judgment affirmed.    All the Justices concur.*