## SALTER v. THE STATE.

In response to a scire facias to forfeit a criminal bond it furnished no good ground of defense to allege that the solicitor-general who prepared the indictment and presented it to the grand jury, and signed it in his official capacity, was a second cousin of the accused (the principal in the bond) ; nor that the successor of such solicitor-general, who took the forfeiture nisi, was also related by affinity within the fourth degree to the accused, both being out of office and a new solicitor acting when the case was heard.

Argued June 6,—Decided July 2, 1906.

Forfeiture of bond. Before Judge Parker. Washington superior court. September 11, 1905.

Lee Salter was indicted by the grand jury of Washington county for the offense of assault with intent to murder. He gave bond, with Z. B. Salter as security. Upon the call of the case the principal failed to appear, his bond was declared forfeited, and a writ of scire facias was issued requiring the principal and surety to show cause why final judgment should not be entered against them on the bond. The defendants' answer set up, as cause against the entering of the judgment on the bond, that the solicitor-general who was in office at the time when the indictment was found, and whose name appeared upon it, was a second cousin of the principal in the bond, and therefore disqualified from acting in the case; and also that his successor in office, at whose instance the forfeiture nisi was taken, was related by marriage within the fourth degree to the accused. Both of the solicitors referred to in the answer being out of office, and a new solicitor having succeeded them, the case came on for a hearing. The presiding judge held that the answer set up no valid defense, and made the judgment absolute. The defendants excepted.

*Evans & Evans* and *J. K. Hines,* for plaintiffs in error.

LUMPKIN, J. (After stating the facts.) In answer to a scire facias to forfeit a bail bond in a criminal case, a surety may show that the indictment is void. *Liceth* v. *Cobb,* 18 *Ga.* 314; *State* v. *Lockhart,* 24 *Ga.* 420; *State* v. *Woodley,* 25 *Ga.* 235; *McDaniel* v. *Campbell,* 78 *Ga.* 188; *Candler* v. *Kirksey,* 113 *Ga.* 309. But the forfeiture can not be successfully resisted by an attack on the indictment against the principal, unless it appears that such indictment is void. *Williams* v. *Candler,* 119 *Ga.* 179. In *Baker* v. *State,* 97 *Ga.* 452, it was held, that even where the solicitor-general was himself the prosecutor in a criminal case, and appeared before the grand-jury in both capacities, this was not, after the trial and conviction of the accused, good cause for a new trial, "no exception to the indictment on that ground having been previously taken." In *Statham* v. *State,* 41 *Ga.* 507, 512, it was held that where the presiding judge appointed as solicitor-general pro tem. a lawyer who practiced in the circuit but resided outside of its limits, such appointment was not invalid. It was said: "At most the non-residence of Mr. Goode [the appointee] in the circuit, is a disqualification, and by section 120 of the Code it is assumed, as a general rule, that the acts of such an officer are good," at least as a de facto officer. The finding of the indictment was the act of the grand jury; and if the solicitor-general who signed it was related to the defendant, this would not render the indictment void. Nor was relationship to the accused on the part of the solicitor-general who was in office when the forfeiture nisi was declared and a judgment nisi entered by the court and scire facias issued by the clerk sufficient to render the whole proceeding void. This being true, the presiding judge properly held that the answer set up no sufficient defense and entered final judgment on the bond.

It has been held that a new trial will not be granted in a criminal case because of the relationship within the prohibited degrees of a juror to the accused, although such relationship was unknown to the accused and his counsel until after verdict. *Downing* v. *State,* 114 *Ga.* 30. There would seem to be at least as strong reason for holding that relationship on the part of the solicitor-general to the accused would not render an indictment signed by him void. Another ground was set up in the answer as to the disqualification

of the judge in whose name the scire facias issued, but this was shown to be a mere clerical mistake, and was duly corrected.

*Judgment affirmed. All the Justices concur, except Evans, J., disqualified, and Fish, C. J., absent.*