## CLEVELAND *v.* BROWN, Governor.

FISH, C. J. In answer to a scire facias to forfeit a recognizance in a criminal case, the surety sought to set up the following defense: (1) The condition of the recognizance was that it should be void if the principal should be and appear at the next term of the superior court of the county, to be held on a given date, "then and there to answer to an accusation for the offense of burglary, and shall not depart thence without the leave of said court," and that therefore the principal under the terms of the recognizance was not bound to appear at such court and answer an indictment there found against him, charging him with the offense of burglary. (2) That the minutes of such term of the superior court show that Robert O. Pitts was duly selected and acted as foreman of the grand jury at that term when the indictment for burglary was found against the principal, and that Pitts "did not sign the endorsement on said indictment showing same to have been found and returned as 'true.'" (3) That notwithstanding it appeared from the body of such indictment that Pitts, who was the foreman of the grand jury, was present and acting in that capacity at the time the indictment was acted upon, it was in fact not signed by him, but the entry of "true bill" on the indictment was signed by Augustus E. Young as foreman pro tem., and that Young had no authority under the law to sign his name to such entry while Pitts was present and discharging his duties as the regular foreman of the grand jury. (4) That Young did not in fact sign such entry on the indictment nor authorize any one else to sign it for him. *Held:*

1. While the term "accusation," when used in reference to a charge made or to be made in a court having criminal jurisdiction of misdemeanors only, will be construed in its limited and restricted sense as the equivalent of an information at common law, yet the term "accusation" has a broader meaning which includes indictment and presentment (*Gordon v. State*, 102 *Ga.* 673, 679 (29 S. E. 444)); and when the term is used, as in this case, in a bail-bond, in a criminal case, conditioned for the appearance of the principal in a superior court "to answer to an accusation for the offense of burglary," the term "accusation" should be given its broader signification, including an indictment and presentment, rather than its restricted and limited meaning, for the reason that there is no law authorizing an "accusation" in its restricted sense to be preferred against any one for a felony, and it will be presumed that the obligors in the bail-bond when executing the same understood that the term was used in such broader sense.

2. As the indictment did not appear on its face to be void by reason of the matter set up in the answer of the surety in respect of the signing or failure to sign the entry "true bill" on the indictment by the foreman

of the grand jury, it was the subject of plea in abatement and the principal was bound to be at court to make such plea; and as the surety obligated himself to have his principal there to answer, the recognizance was properly forfeited on the principal's failure to be present. *Sharpe* v. *Smith*, 59 *Ga.* 707. See also *Salter* v. *State*, 125 *Ga.* 760 (54 S. E. 685), and cases cited.

*Judgment affirmed. All the Justices concur.*
JUNE 13, 1914.

Forfeiture of recognizance. Before Judge Edwards. Polk superior court. June 16, 1913.

*Ault & Wright* and *Bunn & Trawick*, for plaintiff in error.
*J. R. Hutcheson, solicitor-general,* contra.