### 7739.  DUFFEY v. HARRIS, Governor.

BLOODWORTH, J.  1. The assignments of error in the bill of exceptions are sufficient to give this court jurisdiction. The motion to dismiss is without merit, and is overruled. *Roddenbery v. Patterson,* 136 *Ga.* 187 (71 S. E. 138).

2. While the general rule is that "where the court declines to allow an amendment which is offered it does not become a part of the record in the case, and this court can not consider what purports to be a copy of it appearing in the transcript of the record" (*Wallace v. State,* 17 *Ga. App.* 434, 87 S. E. 681), yet both this court and the Supreme Court have held that an amendment can be allowed by an order and become a part of the record though thereafter stricken by another order. There is no reason why the same end can not be reached by one order covering both propositions. When such an order is passed it can be authenticated by the certificate of the clerk. Therefore, where an amendment is overruled and rejected, and the court enters and signs thereon an order as follows: "The foregoing amendment not allowed; let the same be filed and become a part of the record in said case," and it is at once filed, it thereupon becomes a part of the record and may

be specified in the bill of exceptions as a part thereof. See *Schaeffer* v. *Central Ry. Co.*, 6 *Ga. App.* 282 (64 S. E. 1107).

3. An allegation in an answer to a rule nisi to forfeit a bond given for the appearance of a person charged with the violation of a criminal statute, that at a certain term prior to the term at which the rule was issued, he appeared in court to answer the accusation in said case, and at that term was informed that he was discharged, together with all the witnesses, is not a sufficient ground to prevent the rule being made absolute against him, where it does not appear that the person who gave the information had any authority to make such announcement. *Massey* v. *Allen*, 48 *Ga.* 21.

4. It not being alleged that the case was called out of its order on the docket, there is no merit in a plea, filed in response to a rule nisi to forfeit a bond in criminal case, "that at the call of said case, prior to the issuing of the rule nisi in said case, the solicitor of the said court did not announce ready for the State, nor were the State's witnesses there at that time." The rule is that "all causes shall be called and tried in the order in which they are docketed" (Civil Code of 1910, § 6284); and, unless it appears to the contrary, it will be presumed that the judge complied with this rule. A solicitor-general is not required to announce ready when a case is called in its regular order. *Collins* v. *Smith*, 7 *Ga. App.* 653 (67 S. E. 847). The foregoing ruling is not in conflict with the statement, in the decision just cited, that "If, as a matter of fact, the action against the principal on the bond was called out of its order, and if the State failed to announce ready, this was a matter of affirmative defense, and should have been set up in the answer;" for the reason that the plea in the instant case does not urge that the case was called out of its order.

5. Where an accusation which seeks to charge a person with the violation of a criminal statute is void upon its face, advantage may be taken of the defect, by a plea to the rule nisi to forfeit the bond given for the appearance of the person accused, filed by one who signed the bond as security. *Cleveland* v. *Brown*, 141 *Ga.* 829 (82 S. E. 243); *Williams* v. *Candler*, 119 *Ga.* 179 (45 S. E. 989). But when an accusation and the affidavit upon which it is based are perfect in form and substance, yet subject to attack by plea in abatement, this defense can be set up only by the defendant in person and in a direct attack on the accusation; and such an answer to a rule nisi to forfeit will not avail the security who fails to produce the defendant. In the instant case the accusation appears upon its face to be good, and the court did not err in striking the paragraph of the answer relating thereto. *Sharp* v. *Smith*, 59 *Ga.* 707 (1).

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*
DECIDED APRIL 3, 1917.

Forfeiture of recognizance; from city court of Carrollton—Judge Beall. June 24, 1916.

On the ground that the assignments of error were too vague and indefinite, the defendant in error moved to dismiss the writ of error. The bill of exceptions states that there was an oral motion

to strike the defendant's answer, for want of issues of fact to be determined by a jury, and that a certain amendment to the answer was then offered by the defendant and was not allowed, but the court ordered that it be filed and become a part of the record in the case; and error is assigned as follows: "To the disallowance of said amendment defendant excepted, now excepts, and assigns the same as error. Whereupon the judge of the said court then and there sustained the motion to strike the answer, and entered up judgment against your defendant in the said case, to which rulings and entering up judgment your defendant excepted, now excepts, and assigns the same as error."

*Shirley C. Boykin, B. F. Boykin,* for plaintiff in error.
*C. E. Roop, solicitor,* contra.