## Cox v. Dorsey, Governor.

PER CURIAM    1. Under the facts stated in the question, the term " accusation " in the recognizance is broad enough to include the term " warrant." See *Cleveland* v. *Brown*, 141 *Ga.* 829 (82 S. E. 243); *Foote* v. *Gordon*, 87 *Ga.* 277 (13 S E. 512).

2. Accordingly it should be presumed that the obligors in the bail-bond understood when they executed it that the term " accusation " therein referred to a " warrant."          *All the Justices concur, except*

HILL and GILBERT, JJ., dissenting. The undertaking of obligors in a criminal recognizance is stricti juris. They cannot be bound further than the very terms of their contract. *Colquitt* v. *Smith*, 65 *Ga.* 341, 342; *Roberts* v. *Gordon*, 86 *Ga.* 386 (12 S. E. 648).

No. 2685.    JANUARY 12, 1922.

The Court of Appeals propounded to this court the following questions (in Case No. 11671): " This was a suit to forfeit a bail-bond given in a criminal case. The recognizance provided that the principal therein should personally be and appear at the municipal court of Columbus on a named day, " to answer an accusation; indictment, for the offense of misdemeanor." The petition to forfeit the recognizance showed that on the day named therein for the appearance of the accused in the municipal court of Columbus, to answer to the charge of misdemeanor, the only accusation against him pending in the court was a warrant issued by that court. The criminal jurisdiction of the municipal court of Columbus is limited to that of justices' courts, viz., to issue warrants, hold courts of inquiry, and discharge or bind over defendants to the higher courts. Acts 1915, page 64. Under these facts, is the term " accusation " in the recognizance broad enough to include the term " warrant," and should it be presumed that the obligors in the bail-bond understood when they executed it that the term " accusation " therein referred to a warrant? See, in this connection, Penal Code (1910), § 931; *Gordon* v. *State*, 102 *Ga.* 672, 679 [29 S. E. 444]; *Cleveland* v. *Brown*, 141 *Ga.* 829 [82 S. E. 243] *Colquitt* v. *Smith*, 65 *Ga.* 342; *Roberts* v. *Gordon*, 86 *Ga.* 387 [12 S. E. 648]; *Hudson* v. *State*, 91 *Ga.* 553 [18 S. E. 432]; *Bethune* v. *Dozier*, 10 *Ga.* 235."

George C. Palmer and *Ed. Wohlwender*, for plaintiff in error.
*C. F. McLaughlin, solicitor-general*, contra.