### 11671.  COX *v.* DORSEY, Governor.

1. In a bail-bond given in a criminal case and providing that the principal therein should personally be and appear at the municipal court of Columbus on a named day, "to answer an accusation; indictment, for the offense of misdemeanor," the term "accusation," in the recognizance, is broad enough to include the term "warrant."
2. The criminal jurisdiction of the municipal court of Columbus is limited to that of justices' courts, viz., to issue warrants, hold courts of inquiry, and discharge or bind over defendants to the higher courts. Ga. L. 1915, p. 64. Accordingly, it should be presumed that the obligors in such a bail-bond as is referred to above understood when they executed it that the term "accusation" therein meant a "warrant."
3. Under the foregoing rulings, grounds 3, 8, 9, 10, 11 and 12 of the demurrer to the petition were properly overruled.
4. There is no merit in any other ground of the demurrer.

DECIDED FEBRUARY 14, 1922.

Forfeiture of bond; from Muscogee superior court — Judge Howard. May 29, 1920.

*George C. Palmer, Ed. Wohlwender,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

BLOODWORTH, J. To the headnotes it is necessary to add only the following: The Court of Appeals certified this case to the Supreme Court, propounding to it the following questions: "This was a suit to forfeit a bail-bond given in a criminal case. The recognizance provided that the principal therein should personally be and appear at the municipal court of Columbus on a named day, 'to answer an accusation; indictment, for the offense of misdemeanor.' The petition to forfeit the recognizance showed. that on the day named therein for the appearance of the accused in the municipal court of Columbus, to answer to the charge of misdemeanor, the only accusation against him pending in the court was a warrant issued by that court. The criminal jurisdiction of the municipal court of Columbus is limited to that of justices' courts, viz., to issue warrants, hold courts of inquiry,. and discharge or bind over defendants to the higher courts. Acts 1915, p. 64. Under these facts is the term 'accusation,' in the recognizance, broad enough to include the term 'warrant,' and should it be presumed that the obligors in the bail-bond understood when they executed it that the term 'accusation' therein referred to a warrant ?" To these questions the Supreme Court, in a majority opinion, answered as follows: "Under the facts stated in the question, the term 'accusation,' in the recognizance, is broad enough to include the term 'warrants.' See *Cleveland v. Brown,* 141 *Ga.* 829 (82 S. E. 243) ; *Foote v. Gordon,* 87 *Ga.* 277 (13 S. E. 512). . . Accordingly, it should be presumed that the obligors in the bail-bond understood when they executed it that the term 'accusation' therein referred to a 'warrant.' " See *Cox v. Dorsey,* 152 *Ga.* 532 (110 S. E. 236).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*