## COOK et al. v. WALKER, Governor.

1. Under the provisions of the act creating the city court of Miller County, which provides for the trial of defendants in misdemeanor cases upon written accusations framed and signed by the solicitor of that court, an accusation filed in that court, unsigned by the solicitor thereof, can be amended by that officer attaching his signature thereto.
2. During the pendency of such filed but unsigned accusation, a rule nisi, calling upon the principal and his sureties in a recognizance, requiring the appearance of the defendant to answer for a misdemeanor with which he stood charged in said accusation, could be ordered; and where in answer to such rule nisi the sureties set up as a defense to the forfeiture of the bond the lack of the signature of the solicitor to the accusation, the court below did not err in permitting that officer to sign the accusation, and in directing a verdict against the sureties on the bond.

No. 5093. JANUARY 13, 1926.

The Court of Appeals (in Case No. 16530) requested instruction

Bail 6 C. J. pp. 1034, n. 80, New; 1045, n. 26, New; 1046, n. 35, New. Criminal Law 16 C. J. pp. 351, n. 84; 353, n. 31; 354. n. 50.

from the Supreme Court upon the following question, a determination of which is necessary for a decision of this case:

The only statutory requirement as to the signing of accusations in the city court of Miller County is as follows: "Defendants in criminal cases in said city court of Miller County may be tried on written accusations framed and signed by the solicitor of said court." Acts 1909, p. 273. There is nothing in the act creating the said court, nor in any act amendatory thereof, prohibiting the amendment of accusations therein, either as to form or substance. Upon the hearing in said court of a petition to forfeit a recognizance given in a criminal case, it appeared from the evidence that the principal in the recognizance had failed to appear for trial at the required time in the court. It further appeared, however, that the accusation against the said principal had never been signed by the solicitor of the court, the space on the accusation where his name should have appeared being left blank. Under these circumstances was the accusation amendable, and was the trial court right in so holding, and in directing a verdict against the sureties on the recognizance?

*P. Z. Geer,* for plaintiffs in error. *P. D. Rich,* contra.

HINES, J. 1. By the act creating the city court of Miller County, a defendant in a criminal case in that court "may be tried on written accusation framed and signed by the solicitor of said court." Acts 1909, p. 276, § 3. Is a paper purporting to be an accusation, but unsigned by the solicitor of that court, amendable by attaching thereto the name of the solicitor? The proper answer depends upon whether such unsigned accusation is void or only voidable. Under the above statute there are two vital essentials of a valid accusation charging a defendant with a misdemeanor. One is that it must be in writing. No defendant can be tried in that court for a misdemeanor upon an oral accusation. The other is that the accusation must be signed by the solicitor of the court. Until a writing purporting to be an accusation is signed by the solicitor of this court, it is defective. The signature of the solicitor is the thing which breathes into the instrument full life and force. But does the lack of such signature render the accusation wholly invalid or void?

It has been held by this court in many cases that a bill of exceptions that is signed neither by the plaintiffs in error nor their

counsel will be dismssed, and that such instrument can not be amended by affixing the signature of counsel or of plaintiffs in error, even with the consent of the adversary party. *Speer* v. *Merryman,* 56 *Ga.* 529; *Wellborn* v. *Atlanta Consolidated St. R. Co.,* 92 *Ga.* 577 (17 S. E. 672); *Sumner* v. *Sumner,* 116 *Ga.* 798 (43 S. E. 57); *O'Connell* v. *Friedman,* 117 *Ga.* 948 (43 S. E. 1001); *Johnson* v. *Stevens,* 147 *Ga.* 521 (94 S. E. 1011); *Lott* v. *Waycross,* 152 *Ga.* 237 (110 S. E. 217); *Smith* v. *Jones,* 155 *Ga.* 439 (117 S. E. 246). In *Wellborn* v. *Atlanta Consolidated St. R. Co.,* supra, this court held that "A paper purporting to be a bill of exceptions properly certified by the trial judge, but not signed by the plaintiff in error or his counsel, is not a legal bill of exceptions, and can not be amended in the Supreme Court by attaching counsel's name thereto." In *O'Connell* v. *Friedman,* supra, this ruling was based upon the ground that "An unsigned paper, purporting to be a bill of exceptions, is in no case a bill of exceptions." This ruling was repeated again in *Lott* v. *Waycross,* supra. It would seem that the decisions in the cases just referred to were based upon the ground that such unsigned documents were void as bills of exceptions, and that, being void, there was nothing to amend. From expressions in the two cases just referred to, the decisions were based upon the fact that, unless a paper purporting to be a bill of exceptions was signed at the time it was certified, this court has no jurisdiction to consider the same. Again, the refusal of this court to permit an amendment of an unsigned bill of exceptions is put upon the ground that there is no law providing for such amendment. *Consolidated Naval Stores Co.* v. *McPhatter,* 147 *Ga.* 797 (95 S. E. 686); *Lott* v. *Waycross,* supra. But whatever may be the true reason for the ruling, it is now settled that an unsigned bill of exceptions can not be amended by attaching the signature of counsel, either before or after the case reaches this court. By like reasoning, it may be asserted that an unsigned accusation can not be so amended. We think, however, that the cases dealing with unsigned bills of exceptions are sui generis, and should not be extended.

In *Brooke* v. *McWhorter,* 130 *Ga.* 590 (61 S. E: 404), this court held that a writing filed, purporting to be a plea of a defendant, which was not signed by himself or his counsel, should have been stricken on motion of the plaintiff, and that the refusal of such

motion was error requiring the grant of a new trial. In that case there was no effort made by the defendant to amend his plea by attaching thereto his own signature or that of his counsel. So that case is authority only for the proposition that an unsigned plea is so defective that it would be dismissed upon motion of the plaintiff in a case; but it is not authority for the position that it could not be amended by attaching the signature of the defendant or his counsel thereto. In *Talum* v. *Allison,* 31 *Ga.* 337, the complaint was signed by an attorney in fact of the plaintiffs. The defendants moved to dismiss the case, on the ground that the petition of the plaintiffs was not signed by competent authority. The trial judge overruled the motion and refused to dismiss the case, but permitted the name of the attorney in fact to be erased and the name of the attorney for the plaintiffs substituted in lieu of the attorney in fact. This court held that the petition as originally signed was good; and further held that if the signing of the declaration was imperfect, it was curable by amendment, provided "there be a good cause of action set out in the declaration." This court approved the ruling of the trial judge in permitting the erasure of the name of the attorney in fact, and in attaching to the declaration the signature of the attorney for the plaintiffs. In passing upon the refusal of the judge to dismiss the petition, this court said: "Time for such trifling is past." In *Brooke* v. *Lowry National Bank,* 141 *Ga.* 493 (81 S. E. 223), this court held that where a copy of a petition served on the defendant appeared to be unsigned by counsel for the plaintiff, the defect could be cured by amendment, and that so unsubstantial a variance in the copy would not uphold a traverse of return of service which recited service of a copy of the original petition upon the defendant. Ordinarily, the failure of a party or his counsel to subscribe his pleadings duly filed is such a defect as may be waived, and therefore may be cured by amendment. 20 Enc. Pl. & Pr. 1002; Meyer *v.* Construction Co., 100 U. S. 471 (25 L. ed. 593); *Currie* v. *Deaver,* 1 *Ga. App.* 11 (57 S. E. 897).

An accusation is the equivalent of a common-law information, and is amendable. *Conley* v. *State,* 83 *Ga.* 498 (10 S. E. 123); *Gordon* v. *State,* 102 *Ga.* 673, 679 (29 S. E. 444); *Wright* v. *Davis,* 120 *Ga.* 676 (48 S. E. 170); *Goldsmith* v. *State,* 2 *Ga. App.* 283 (58 S. E. 486); *Crawford* v. *State,* 2 *Ga. App.* 185 (58 S. E. 301);

*Williams* v. *State,* 16 *Ga. App.* 34 (84 S. E. 494). When the trial court in this case permitted the solicitor ·to amend the accusation by attaching to it his signature, the amendment related to the time of the filing of the accusation. *Williams* v. *State,* supra. As an unsigned pleading is not wholly invalid or void, as we have shown, it follows that an unsigned accusation is not wholly lifeless or void. The defect in the accusation in this case, arising from the want of signature of the solicitor, did not render the same void, and was cured by an amendment permitting the solicitor to attach his signature thereto.

2. Pending such unsigned accusation, could the solicitor proceed to forfeit the recognizance of the defendant where he failed to appear in court for trial at the time therein required; and where, in answer to the rule nisi requiring the defendant and his sureties to show cause why a judgment of forfeiture absolute should not be rendered, the sureties set up that there was no breach of the bond, because the accusation had not been signed, did the court below commit error in permitting the solicitor to attach his signature to the accusation, and directing a verdict against the sureties on the bond? In *Liceth* v. *Cobb,* 18 *Ga.* 314, this court held that a defendant was not bound to appear before indictment. In *Braxton* v. *Candler,* 112 *Ga.* 459 (37 S. E. 710), this court held that when it appeared that no indictment or formal accusation was pending in court against the principal at the time the order nisi to forfeit the recognizance was granted, a judgment absolute could not be legally rendered against the surety on the recognizance. In *State* v. *Lockhart,* 24 *Ga.* 422, this court held that where an indictment was fatally defective, in that it charged the defendant with no offense, then the party stood as if he were unindicted, and that there had necessarily been no breach of his bond. This ruling was cited and approved in *State* v. *Woodley,* 25 *Ga.* 235, and in *Mc-Daniel* v. *Campbell,* 78 *Ga.* 188. In *Candler* v. *Kirksey,* 113 *Ga.* 310 (38 S. E. 825, 84 Am. St. R. 247), this court held that an indictment which charges the· principal in the recognizance with no offense against the State amounts to no indictment, and that the sureties may set up its invalidity in defense of the scire facias to forfeit the recognizance. But forfeiture can not be successfully resisted by an attack on the indictment against the principal, unless it appears that such indictment is void. *Williams* v. *Candler,*

119 *Ga.* 179 (45 S. E. 989) ; *Salter* v. *State,* 125 *Ga.* 760 (54 S. E. 685). In *Cleveland* v. *Brown,* 141 *Ga.* 829 (82 S. E. 243), this court held, that "As the indictment did not appear on its face to be void by reason of the matter set up in the answer of the surety, in respect of the signing or failure to sign the entry 'true bill' on the indictment by the foreman of the grand jury, it was the subject of plea in abatement, and the principal was bound to be at court to make such plea; and as the surety obligated himself to have his principal there to answer, the recognizance was properly forfeited on the principal's failure to be present." In the instant case the accusation was subject to attack on the ground that the same was not signed by the solicitor of the court; but it was the duty of the defendant to be present at court and make this attack. As the sureties obligated themselves to have their principal there to answer this accusation, the recognizance was properly forfeited on the failure of their principal to be present. As we have seen, the defect in the accusation, arising from lack of the signature of the solicitor thereto, was not a fatal one, but was amendable. Being amendable, it was not void. Not being void, the sureties could not take advantage of it to defeat the forfeiture of the recognizance.

The question of the Court of Appeals is answered in the affirmative.          *All the Justices concur.*