GREEN *v.* RUSSELL, Governor.

No. 9093. FEBRUARY 15, 1933.

*Sidney H. Baynes* and *H. C. Holbrook,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *J. S. Heard,* contra.

RUSSELL, C. J. The whole question involved in this case is whether the security on a criminal recognizance is released from her obligation to produce the body of the principal as directed by the court, and to abide by the judgment and sentence of the court, by reason of the fact that the indictment which constituted the criminal charge against the principal of the bond was amended after its return by the grand jury, with the defendant's free consent. As a matter of law, the general rule is that indictments and presentments preferred by a grand jury are not subject to alteration after they leave the grand-jury room. However, in this case the defendant consented in open court to the making of the alteration. We know of no rule of law which prevents one accused of crime from waiving any right to which he is by law entitled. It has been more than once held by this court that even in a capital felony the defendant may waive everything and plead guilty to even a capital offense, subjecting himself to a death penalty, if he is of sound mind and desires to do this. It was stated in *Williams* v. *State,* 107 *Ga.* 721, 726 (supra) : "The principle can not be expressed in stronger language than the following from the decision in *Sarah* v. *State,* 28 *Ga.* 576 (2) : 'As the prisoner may waive even a trial itself, and be capitally punished upon his own confession of guilt, he may waive every other right or privilege. The greater includes the less, or the whole the parts.'" This being true, the Court of Appeals asks, in the question now before us, what effect does the amendment of the indictment in the case stated have upon the security in the criminal recognizance? Or, to state the question differently, does the fact that the indictment was amended with the consent of her principal relieve the security from liability upon the appearance bond of her principal? Of course the principle that the liability of a surety is strictissimi juris is universally recognized; and a different question would have been presented if it appeared that the indictment had been altered by any officer of the State charged with the preparation or custody of the accusation, whether indictment or presentment. But where it plainly appears that the change in the indictment was only effected by the volition and consent of the principal, the defendant in the criminal charge,

the alteration in the criminal charge can not in any way affect the liability of the surety upon the appearance bond. The same rule of strictness of construction would not be applied to the terms of the criminal recognizance as is generally applicable to written contracts. The obligation of the surety upon the bond set forth in the question is for the defendant's "appearance to abide the final sentence and judgment of the court." So we hold that the making of an alteration in the indictment, with the consent and by the express authority of the defendant in the indictment or presentment, will not relieve the surety upon his bail-bond of a forfeiture if the surety does not produce the body of her principal as she contracted to do. The rule that where the indictment or presentment is so fatally defective as not to charge any offense, such insufficiency may be set up as a defense to a proceeding to forfeit a bond given by the defendant for his appearance in court to answer the charge against him (*State* v. *Woodley,* 25 *Ga.* 235; *McDaniel* v. *Campbell,* 78 *Ga.* 188; *Candler* v. *Kirksey,* 113 *Ga.* 310, supra; *Rogers* v. *Brown,* 138 *Ga.* 750, 75 S. E. 1131), has no application in the circumstances set forth in this question, because, even if the indictment in this case was fatally defective without the amendment, the defendant, by waiving his right to be tried upon an indictment perfect in both form and substance, thereby submitted himself to the jurisdiction of the court and perfected the charge.

The general principle that the surety on a criminal bond can not, in answer to scire facias brought for the purpose of forfeiting that instrument, prevent the forfeiture if the principal in the bond is absent, merely because of defects in the indictment, is recognized in *Sharpe* v. *Smith,* 59 *Ga.* 707. In that case Sharpe as a surety signed a recognizance for the appearance of "Jeff Wheeler" to answer an indictment for assault with intent to murder. The bond was signed by "A. J." Wheeler as principal, and the security, Sharpe, set up the defenses. "1. That the names of three of the grand jurors who preferred the indictment were not on the jury list. 2. Because there was no legal and valid true bill against A. J. Wheeler, the true bill being illegal and void; and hence his sureties were not bound for his appearance." In delivering the opinion of the court, Judge Jackson said: "Two points are insisted on as error in the circuit court. 1. First, that three of the grand jury who found the bill were not on the jury-list of legal

jurors. We think as this defect does not appear on the indictment, it could be taken advantage of only by plea in abatement, and that the defendant was bound to be at court to make it, and the surety obligated himself to have him there to answer it; and as the principal was not there, the bond was properly forfeited. On its face the indictment was good. 2. Another point was made, that the principal in the bond was named differently from what he was called in the indictment—the given name Jeff being in the indictment, and A. J. in the bond; but in answering the scire facias we think that the surety recognizes the person he was bound for as the defendant who was indicted. The misnomer, if there was one, was proper matter for plea by the defendant to the indictment, and he had to appear to make it." In *Cleveland* v. *Brown,* 141 *Ga.* 829 (2) (82 S. E. 243), it was held: "As the indictment *appeared on its face* [italics ours] to be void by reason of the matter set up in the answer of the surety in respect of the signing or failure to sign the entry 'true bill' on the indictment by the foreman of the grand jury, it was the subject of plea in abatement, and the principal was bound to be at court to make such plea; and as the surety obligated himself to have his principal there to answer, the recognizance was properly forfeited on the principal's failure to be present. *Sharpe* v. *Smith,* 59 *Ga.* 707. See also *Salter* v. *State,* 125 *Ga.* 760 (54 S. E. 685), and cases cited." In *Cook* v. *Walker,* 161 *Ga.* 551, where the accusation was not signed by the solicitor, we held that the court below did not err in permitting that officer to sign the accusation, and in directing a verdict against the sureties on the bond. It is true that the accusation in the *Cook* case was one pending in a city court, where accusations may be amended, and not in a case where an indictment or presentment was involved; but in delivering the opinion of the court Mr. Justice Hines said: "In *Candler* v. *Kirksey,* 113 *Ga.* 309 (38 S. E. 825, 84 Am. St. R. 247), this court held that an indictment which charges the principal in the recognizance with no offense against the State amounts to no indictment, and that the sureties may set up its invalidity in defense of the scire facias to forfeit the recognizance. But forfeiture can not be successfully resisted by an attack on the indictment against the principal, unless it appears that such indictment is void. *Williams* v. *Candler,* 119 *Ga.* 179 (45 S. E. 989); *Salter* v. *State,* 129 *Ga.* 760 (54 S. E. 685). . . In the instant case the accusation

was subject to attack on the ground that the same was not signed by the solicitor of the court; but it was the duty of the defendant to be present at court and make this attack. As the sureties obligated themselves to have their principal there to answer the accusation, the recognizance was properly forfeited on the failure of their principal to be present."

The headnotes require no further elaboration. *All the Justices concur except*

ATKINSON, J., who dissents from the ruling on the first question. He concurs in the conclusion that the second question should be answered in the negative.

GILBERT, J., concurring specially. I concur in the principles stated in the opinion of the Chief Justice, and therefore am of the opinion that the question as propounded is properly answered. However, I am of the further opinion that according to the facts stated in the question the indictment was neither void nor defective. I feel safe in asserting that the court, in answering the question, should not be understood as ruling that the indictment was defective, but deemed it appropriate to answer the question strictly as it was propounded. The indictment was in the form provided in the Penal Code, § 954. That section declares: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." It has been held by this court that the requisite of a valid indictment as to form is that the offense with which the accused is charged be so stated as to give him ample opportunity to prepare for his defense. It is not necessary that the indictment follow the form prescribed in this section to the letter. It is sufficient if it conform thereto in all material particulars. The indictment in this case sets out in hæc verba the check, as follows: "Atlanta, Ga. Nov. 14, 1930. The First National Bank of Atlanta, Pryor Street Branch. Pay to the order of Western Union $152 one hundred fifty-two dollars. Counter-check. Harry Miller Jr." It then proceeds to allege fraudulent intent, etc.

The amendment which was allowed by consent was in the following words: "And the First National Bank of Atlanta is an incorporated bank located within the State of Georgia." The check

itself, by its date line and by the name of the bank, showed that the bank was located in Atlanta, Ga. Atlanta being an incorporated municipality, the courts will take judicial cognizance that it is located within the State of Georgia. It is obligatory upon court and counsel to know, and all persons are obliged to know as a matter of law, that a national bank is incorporated. There can be no unincorporated national bank. Consequently, when the indictment copied the check showing that the bank was located within the City of Atlanta, Ga., and that it was a national bank, the accused must have known that the indictment referred to an incorporated bank located and doing business in the State of Georgia, and afforded ample opportunity for preparing a defense. The statute (Penal Code (1910), § 855) provides that jurors must be "intelligent and upright." The nature of the charge must have been "easily understood by the jury." Hence it is my opinion that the indictment is in no way defective, and that the amendment neither added to nor took from the effectiveness of the indictment as it was voted and returned by the grand jury. It necessarily follows that there was nothing to waive in the matter of the defendant's constitutional right to be tried for a felony on a valid indictment.