WARD v. THE STATE.

PRACTICE IN SUPREME COURT.

BLECKLEY, C. J.—On the call of this case in its regular order, there was no appearance for the plaintiff in error, but the attention of the court was called to documents of file in the clerk's office, consisting of two letters from E. M. Hewlett, two letters from J. Parker Jordan, an affidavit of the latter purporting to have been sworn to in the District of Columbia before a notary public, and a medical certificate signed A. A. Marsteller, M. D. The purpose indicated by these documents was to apply for a continuance in behalf of the plaintiff in error and show cause for granting the same, the cause alleged being the indisposition of the said J. Parker Jordan, and his consequent inability to attend the court at the present term, or even to prepare briefs, etc. for use in argument, he being the senior counsel and the one relied upon for services in this court. After these documents were read, the solicitor-general representing the State objected to any continuance being granted, and moved to dismiss the writ of error because the bill of exceptions had not been signed as required by section 4251, nor served as required by section 4259, of the code. The court thereupon inspected the bill of exceptions, and the entries thereon, and seeing that the bill was unsigned and that there was no entry or other evidence of service, decided that the case was not legally in this court so as to give the court jurisdiction of the same. Whereupon it was ordered and adjudged that a continuance be denied, the writ of error be dismissed, and the judgment of the court below stand affirmed. *Writ of error dismissed.*

April 22, 1891.

W. W. FRASER, solicitor-general, for the State.

---

TUTTY v. THE STATE.

PRACTICE IN SUPREME COURT.

BLECKLEY, C. J.—The facts recited in the final order made in the case of *Ward* v. *The State*, being true of this case also, it was ordered and adjudged that a continuance be denied, the writ of error be dismissed and the judgment of the court below stand affirmed.

April 22, 1891.　　　　　　　　*Writ of error dismissed.*