DORSEY, receiver, *v.* FIDELITY & CASUALTY CO.

Where a fidelity insurance company by its bond covenants with a receiver engaged in operating a railroad that, during the continuance in force of such bond, certain specified employees of the receiver shall "faithfully and honestly discharge their duties in their several capacities, and shall also faithfully and truly account for all moneys and property and other things which may come into their possession in their respective employments, whenever thereto required by the employer or a duly authorized officer in that behalf, and at the termination of their said employments, shall surrender and deliver up to the employer, or a duly authorized representative, all moneys, books, vouchers, papers, tickets, and all other property belonging to the employer, or for which the employer shall be liable to another, or other party or parties, which shall then be or which ought to be in the hands, possession, or custody of the employees, or either of them; and the company hereby indemnifies the employer against all loss which the employer shall sustain by reason of the default of any or either of the employees in the premises, not exceeding in the whole the sum or sums as hereinafter provided": *Held,* that the insurance company was not liable to the insured in damages for a loss resulting from a wrongful delivery of freight by one of these employees, in consequence of which the receiver was compelled to pay the value of such freight to its true owner, the wrongful delivery having occurred before the bond was executed. This is so notwithstanding that the employee, at the termination of his employment, though liable so to do, failed and refused to pay the receiver the damages which the latter had sustained because of such wrongful delivery.

May 19, 1896. Argued at the last term.

Action on bond. Before Judge Harris. City court of Floyd county. December term, 1894.

*J. W. Ewing* and *C. A. Thornwell*, for plaintiff, cited 9 Am. & Eng. Enc. L. 66; 7 Bush, 81, 3 Am. R. 301; Code, §2800.

*Reece & Denny*, contra.

Lumpkin, Justice.

The nature of the question controlling this case so distinctly appears from the *syllabus*, that little need be added to what is there said.

It seems to us absolutely free from doubt that, under the contract between the insurance company and the receiver, it was never contemplated that the company should be in any manner responsible or liable for any breach of duty or misfeasance on the part of any employee of the receiver, which occurred before the bond was executed. The company simply undertook to guarantee the faithful and honest discharge of duty by the employees named in the bond *from and after its date*. The contract, as to its operation, related exclusively to the future, and not to the past. We do not see that it makes a particle of difference that one of these employees, in consequence of a past act of negligence, had become liable to the receiver, and was still liable at the termination of his employment to respond in damages to his master. This was a matter with reference to which the insurance company did not covenant with the receiver, and there is no more reason for holding the company responsible for such damage than there would be in making the surety on a promissory note liable for pre-existing indebtedness of his principal, which the surety had never in any manner contracted to pay or be responsible for.

*Judgment affirmed.*