attorneys, without any specific request upon the part of the plaintiffs; the object having been to arrange, if possible, with the party to whom the pulp had been resold by the plaintiffs for the satisfaction upon his part of the defendants' claim for the balance unpaid on account of the goods delivered. It is alleged that the interview closed with the expressed determination of the defendants to bring an action against the plaintiffs, and that the summons in this action was then caused to be served. More than this, the plaintiffs' affidavits show that there had been an earlier opportunity for service upon the defendants, but it was not availed of, because of the negotiations for settlement. Enough was shown to support the determination reached by the court below, that the service, as made, was not in the course of unfair practice upon the part of the plaintiffs, or in their behalf; and, so far as our jurisdiction of review extends, the appeal cannot succeed, since questions arising upon conflicting affidavits are not the subject of determination here. Graves v. Graham, 19 Misc. Rep. 618, 44 N. Y. Supp. 415.

Order affirmed, with costs. All concur.

---

(20 Misc. Rep. 297.)

### STIEGLITZ v. BELDING.

(Supreme Court, Appellate Term. May 27, 1897.)

1. CONTRACTS—ACTIONS ON—DESIGNATION OF PERSON TO BE SUED.
   A provision in a Lloyds insurance policy that no action shall be brought thereon by the assured except against the firm of S. & Co., as representing all of the underwriters, and that each underwriter shall abide the result of any action so brought against S. & Co., as fixing the individual responsibility of each underwriter, is valid, where S. & Co. were underwriters, though they were also the attorneys in fact of all the underwriters.

2. PLEADING—DEMURRER.
   An answer is not demurrable where the allegations are susceptible of two interpretations, one of which constitutes a valid defense, and the other does not, but the remedy in such case is by motion.

Appeal from city court of New York, general term.

Action by Louis Stieglitz against Milo M. Belding, Jr. From an affirmance of a final judgment in favor of the plaintiff on demurrer to a separate defense contained in the answer (44 N. Y. Supp. 1130), defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George M. Mackellar, for appellant.

Michael H. Cardozo and Edgar J. Nathan, for respondent.

BISCHOFF, J. The action was upon a "Lloyds" fire-insurance policy, to which the defendant was one of several underwriters, and upon this appeal the sufficiency of a separate defense, set forth below, is the matter in question. This defense was:

"First. That the firm of D. R. Satterlee & Company, composed of Douglass R. Satterlee and Elizabeth K. Satterlee, which said firm are the attorneys in fact, under said policy of insurance described in the complaint, for this defendant and all of the underwriters upon the said policy, are, as such firm and as individuals, underwriters with this defendant upon said policy of insurance.

"Second. That in and by the policy of insurance described in the complaint it is provided that no action shall be brought by the assured to enforce the provisions of the said policy, except against the said firm of D. R. Satterlee & Company, as representing all of the underwriters, and that each of the underwriters upon said policy, including this defendant, therein and thereby agreed to abide the result of any suit so brought against the said firm of D. R. Satterlee & Company, as fixing the individual responsibility of each underwriter, including this defendant, under said policy."

Following this appear allegations of the failure to comply with the provisions thus set forth as contained in the contract, but the instrument itself is not made a part of the pleadings.

The respondent's contention upon this appeal is that the defense as pleaded fell within the decision of Knorr v. Bates, 14 Misc. Rep. 501, 35 N. Y. Supp. 1060, and 12 Misc. Rep. 395, 33 N. Y. Supp. 691, wherein a demurrer by the defendant to an action upon a contract, which contained a provision somewhat similar in purport to that now alleged, and which provision appeared by the complaint to have been uncomplied with, was overruled, upon the ground that a condition precluding an action against any of the persons who had assumed the contract obligations was void, because contrary to public policy, in that it sought to deprive the insured of the right of redress, and the courts of the right to afford relief. In the case cited, the condition operated to prohibit the maintenance of any action against the underwriters, and left the insured to an action against the "attorneys in fact," who appeared to have no connection, contractually, with the underwriter's obligations, and against whom an action could not apparently be maintained.

The question now before us, however, is by no means the same, since here the condition called for the prior determination of an action not against "attorneys in fact," unconnected with the contract, but against a firm made up of two of the actual underwriters, parties jointly and severally to the plaintiff's contract, as against whom a judgment could properly be obtained. The decision in Knorr v. Bates, supra, applies to the present case to no greater degree than it applied to the facts before the court in Concentrating Works v. Ackermann, 6 App. Div. 540, 39 N. Y. Supp. 585, and is distinguishable for the reasons there adopted. In the Ackermann Case the policy prohibited the assured from maintaining an action against more than one of the underwriters at a time, and provided that a final decision in any suit thus brought should be conclusive as to the amount of the claim of the assured against each of the others. The court held that Knorr v. Bates had no application (6 App. Div. 540, 39 N. Y. Supp. 585), since in the case considered the assured was protected by the maintenance of an action against one of the contracting parties (the others being bound by the result), while in Knorr v. Bates the basis of the decision was that no action could be maintained according to the condition, except against persons not parties, and so in no way bound. The defense pleaded in this action was not founded upon a condition which precluded the assured's right of redress, since his claim could well be established in the suit against the particular underwriters named; and we can find no reason for holding that the provision was obnoxious, in that

the preliminary action was to be against underwriters named by the contract, rather than against one selected by the assured. It was competent to the parties to stipulate that but one action might be maintained upon the contract itself (if the action provided for was one available in contemplation of law), the effect being the avoidance of a multiplicity of actions, and the remedy of the assured being complete, because of the agreement by the several underwriters to abide the event of the original action, their agreement thus to respond being enforceable, subsequently, at the instance of the assured. Concentrating Works v. Ackermann, supra. We have, therefore, under the allegations considered, no case of a condition repugnant to public policy, and the defense alleged was sufficient in law.

It may be said that these parties have differed, not as to the rules applicable to the case, but as to the facts alleged in this particular defense, the plaintiff's construction of the allegations being that the preliminary suit was to be brought against the firm of D. R. Satterlee & Co. as attorneys in fact, only, while the defendant takes the words used as intending an action against the members of this firm, individually, as underwriters. The pleading is, in a sense, duplicitous, since either of these views was permissible; and the plaintiff may have been in a position to move the court below for a direction that the two possible defenses alleged should be separately stated (Code Civ. Proc. § 507), or that the answer be made more definite and certain so far (Id. § 546); but the matter alleged was not open to attack by demurrer, a defense being disclosed by averments which, although indefinite, were sufficient under the construction which must be adopted in determining an issue such as that raised here (Marie v. Garrison, 83 N. Y. 14; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251). We have to do only with the allegations, not with the proof which the defendant may be prepared to produce; and the question whether this case falls within the decision of Knorr v. Bates, on the one hand, or of Concentrating Works v. Ackermann, on the other, is one which can be determined only upon the trial.

Judgment reversed, and judgment directed for defendant upon the demurrer, with costs. All concur.