O'CONNELL BROTHERS *et al. v.* FRIEDMAN, KEILER & CO.

PEEPLES, executor, *v.* CAVENDER *et al.,* and *vice versa.*

An unsigned paper purporting to be a bill of exceptions is in no case a bill of exceptions. Where such a paper is presented to the trial judge within the time provided by law for tendering a bill of exceptions, and, after the expiration of that time, is signed by counsel for the plaintiff in error and certified by the judge, the requirements of the law as to tendering bills of exceptions have not been met, and this court has no jurisdiction to consider the paper thus brought before it.

Argued March 19, — Decided April 8, 1903.

Motion to dismiss the writ of error.

*M. W. Harris,* for O'Connell et al.      *Steed & Ryals,* contra.

*J. W. Harris,* for Peeples.      *Jones & Martin* and *R. J. & J. McCamy,* contra.

CANDLER, J. The questions involved in these two cases being practically identical, they may properly be considered together. The Civil Code, § 5527, provides that bills of exception shall specify plainly the decision complained of and the alleged error, and *" shall* be signed by the party, or his attorney, or solicitor." In the case of *Speer* v. *Merryman,* 56 *Ga.* 529, this court held that "where a bill of exceptions is signed neither by the plaintiffs in error nor their counsel, the writ of error will be dismissed," and that the defect could not be cured by amendment after the case had reached this court. The reason for such a ruling is manifest. No person not a party to a case, although interested in its determination, can file exceptions to any ruling of the court in such case. *Central R. Co.* v. *Craig,* 59 *Ga.* 185; *Healey* v. *Schofield,* 60 *Ga.* 451; *Turnbull* v. *Foster,* 116 *Ga.* 765. And a person not affected by a judgment has no right to complain of it. *Orr* v. *Webb,* 112 *Ga.* 806, and cases therein cited. In both the cases now under consideration, it affirmatively appears that the paper tendered to the trial judge as a bill of exceptions was not signed by either the complaining party or his counsel within the time required by law for a bill of exceptions to be tendered. It follows, therefore, in the light of the Civil Code, § 5527, that no legal bill of exceptions was presented within that time, and consequently there was nothing that could be subsequently amended. The law is just as imperative that a paper purporting to be a bill of exceptions shall in reality be one as that it shall specify the decision complained of and the alleged

error. In the case of *Anderson* v. *Baker*, 58 *Ga.* 604, the writ of error was dismissed for the double reason that the paper purporting to be a bill of exceptions was not signed and that it did not contain any proper assignment of error. In *Brand* v. *Garrett*, 62 *Ga.* 165, it was held that the bill of exceptions, not being signed by the party plaintiff or his attorney, as required by law, must be dismissed, and that the endorsement of the name of the attorney on the back of the bill of exceptions was not such a signing as was contemplated and required by the code. In *Ward* v. *State*, 87 *Ga.* 160, the court, upon inspection of the bill of exceptions, ascertained that the bill was unsigned, and that there was no entry or other evidence of service; and it was "decided that the case was not legally in this court so as to give the court jurisdiction of the same." In *McAllister* v. *Eastman*, 92 *Ga.* 445, the writ of error was dismissed for various reasons, two of them being that the bill of exceptions was not signed, and that the brief filed for the plaintiff in error was not signed. In *Wellborn* v. *R. Co.*, 92 *Ga.* 577, it was held that "a paper purporting to be a bill of exceptions properly certified by the trial judge, but not signed by the plaintiff in error or his counsel, is not a legal bill of exceptions, and can not be amended in the Supreme Court by attaching counsel's name thereto." In the case of *Sumner* v. *Sumner*, 116 *Ga.* 798, it appeared that what purported to be a bill of exceptions was, within the time allowed by law, presented to the judge, that counsel for the plaintiff in error had inadvertently omitted to sign the same, and that the judge, with knowledge on his part that it was not signed, certified it. Upon ascertaining that the bill was not signed, which was after it had been certified but within the time when a bill of exceptions might have been presented and certified, counsel signed the paper. The writ of error was dismissed, on the ground that when the paper was presented and certified it was not a bill of exceptions, and, arguendo, that the signing before the record left the clerk did not distinguish this case from those which we have heretofore cited.

In one of the cases now under consideration, that of O'Connell *v.* Friedman, it affirmatively appears from the certificate of the trial judge that the paper presented to him was not, when so presented, signed as required by law; that he did not ascertain this fact until after the time within which a bill of exceptions could be presented, and that, upon discovering that the paper was unsigned, he allowed

counsel to sign it before it was certified. Following the cases which we have already discussed, we are compelled to hold that no legal bill of exceptions was presented to the trial judge within the time required by law; that the judge was therefore without authority to certify it, and this court without jurisdiction to consider it. In the other case, that of Peeples *v.* Cavender and vice versa, practically the same state of facts exists. The only difference is that the judge ascertained that the bill was unsigned relatively sooner than did the judge in the case of O'Connell *v.* Friedman; but it appears that at the expiration of thirty-two days from the date of the judgment the paper was unsigned by either the party complaining or his counsel, and that at that time it was signed and then certified. This was without authority of law, and the writ of error must accordingly be dismissed. In the Peeples case, the certificate of the judge does not show the facts which we have here set out. It appears, however, that counsel for the defendant in error objected to the alleged bill being certified, and that his objections were overruled; whereupon he brought the question before this court by cross-bill of exceptions, in which these facts were made to appear. No question was made as to the right of counsel to thus bring up the question by cross-bill, and it is unnecessary to pass upon that phase of the case. It is ordered, in this case, that the writ of error on the main bill be dismissed, and that the judgment on the cross-bill be reversed; and the defendant in error in the main bill will, in addition to entering up a judgment in the superior court for the costs incurred in bringing the main case to this court, also take a judgment for the costs paid in this court on the cross-bill.

*Writ of error on main bill dismissed, in both cases. In Peeples v. Cavender, judgment on cross-bill reversed, with direction. By five Justices.*