## BON HOMME COUNTY v. MCLOUTH.

1. Under Rev. Pol. Code, § 1806, providing that all elective county, township, and precinct officers may be charged, tried, and removed from office for habitual or willful neglect of duty, one month's absence from the state is not in itself a neglect of duty on the part of a county superintendent of schools.

2. Nor was failure to leave some one in charge of his office during his absence, the law not providing for the appointment of a deputy or other person to perform the duties of superintendent during his absence or inability to act.

3. The fact that no official duty was performed during such absence does not imply willful neglect, as there may have been no such duty to perform.

4. A complaint in an action under said section to remove the superintendent from office, containing only a general allegation that the defendant was guilty of willful neglect of duty, without stating the facts constituting such neglect, is insufficient.

5. The rule that, where a complaint is first attacked by an objection to evidence, it should be most liberally construed, can only be invoked

where such an objection has been overruled, the action tried on its merits, and the imperfections of the pleading cured by proper proof.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Bon Homme county; Hon. E. G. Smith, judge.

Action by Bon Homme county against J. A. McLouth. Judgment for defendant, and plaintiff appeals. Affirmed.

*G. W. Kirshmann*, State's Atty., and *A. G. Lehr*, for appellant.

*Elliott & Stillwell*, for respondent.

HANEY, J. This action was instituted to remove the defendant from the office of superintendent of schools. At the trial the defendent objected to the introduction of any evidence on the grounds (1) that it appeared upon the face of the complaint that the court was without jurisdiction; and (2) that the complaint did not state facts sufficient to constitute a cause of action. The objection was sustained, and, plaintiff having elected to stand on its complaint, a verdict was directed in favor of the defendent, and judgment entered thereon, from which this appeal was taken.

Omitting title, prayer and verification, the complaint is as follows: "The plaintiff above named, by its board of county commissioners, complains of the defendant and alleges: (1) That it is a duly and legally organized county within the state of South Dakota, and has been such organized county for more than ten years last past, and, as such organized county in this state, is authorized to elect county officers, and to institute actions for their removal for cause, to sue and be sued. (2) That said defendant was in the fall of 1900 duly elected to the office of superintendent of schools of plaintiff county for

the term of two years, commencing in January, 1901, and ending in January, 1903; that in January, 1901, he duly qualified and entered upon the duties of said office, and has ever since held and is still holding said office. (3) That on or about the 9th day of September, 1902, the said defendent closed up his said office, and willfully left the state of South Dakota and plaintiff county, without leaving any one in charge of his said office, to attend to or look after his official duties, and that from said date, for more than one month following, he has utterly and completely willfully neglected and failed to attend to or perform any of the duties pertaining to said office; that this is the time of the year when the school year commences, and when the superintendent's presence is absolutely essential and necessary, as the teachers and school officers constantly have to apply to the superintendent of schools for information and instructions, in order to get the schools properly started; that the said defendent's absence and willful neglect of his official duties has caused great injury and detriment to the public schools of plaintiff county."

It is evident that the only cause of removal intended to be alleged is "willful neglect of duty." Rev. Pol. Code, § 1806. The charge is a serious one. Removal from ·an elective, constitutional office involves substantial consequences. The accusation in such a case should be sufficiently definite and certain to enable the accused properly to prepare his defense. As we view the complaint, the only facts alleged are (1) that the plaintiff was an organized county; (2) that defendent was the elected and qualified superintendent of schools; and (3) that he was voluntarily absent from the state for one month, during which time he performed no official duties, and no one was

left in charge of his office. As the law did not provide for the appointment of a deputy or other person to perform the duties of superintendent during his absence or inability to act, defendant neglected no duty in failing to leave some one in charge of his office. One month's absence from the state was not in itself a neglect of duty. The fact that no official duty was performed during that period does not imply willful neglect, because there may have been no official duty to perform. It does not appear on the face of the complaint that any official act was required to be done during defendant's absence. It is not alleged that any teacher applied for information which was not obtained, or that any person was prevented from transacting business with the superintendent's office. Purged of immaterial averments and legal conclusions, the complaint contains nothing more than a general allegation that the defendent was guilty of willful neglect of duty, which is clearly insufficient. Plaintiff's contention that the complaint should be most liberally construed, because it was first attacked by an objection to the introduction of any evidence, is not tenable. That rule can only be invoked where such an objection has been overruled, the action tried upon its merits, and the imperfections of the pleading cured by proper proof.

For the reasons heretofore stated, without considering other alleged defects in the compiaint, or what, if any effect should be given the sections of the statute (Rev. Pol. Code, §§ 1806, 1807) under which it was intended to be drawn, we think the learned circuit court did not err in sustaining defendent's objection, and that its judgment should be affirmed.