## MOORE *v.* GRINER.

BECK, J. Error is assigned, in the bill of exceptions, upon the ruling of the court in directing a verdict for the defendant. The bill of exceptions recites that it was tendered within 30 days after the ruling complained of; and while the bill of exceptions is certified as true, the judge's certificate shows further that the bill of exceptions was not tendered until April 9, that is, not until after the expiration of 34 days from the date of the ruling excepted to. As shown by the judge's certificate, when the bill of exceptions was handed to him, he delivered it to counsel for the opposite party, who returned it to him on May 20, then calling his attention to the fact that the bill of exceptions was not signed by counsel for the plaintiff in error; the latter then signed the bill of exceptions, and the judge certified the same, setting forth the above facts. *Held,* that upon motion by the defendant in error the writ of error must be dismissed, no bill of exceptions, properly signed, having been tendered to the judge within the time allowed by law. *O'Connell* v. *Friedman,* 117 *Ga.* 948 (43 S. E. 1001).

*Writ of error dismissed. All the Justices concur.*

Argued February 13,—Decided August 18, 1908.

Motion to dismiss the writ of error.

*Haygood & Cutts,* for plaintiffs.

*McDonald & Quincey,* for defendant.