## ADAMS COMPANY, Respondent, v. WESTERN SURETY COMPANY et al., Appellants.

### (151 N. W. 890.)

(File No. 3673.   Opinion filed March 27, 1915.)

1. **Insurance—Fidelity Bond—Liability for Past Obligations—Allegations of Dates of Defaults—Complaint, Sufficiency of, on Demurrer—Presumption.**

    Upon general demurrer to a complaint in a suit on a fidelity bond, in force from January, 1913, to January, 1914, which complaint alleged that the defalcations in question took place between January 18, 1912, and February 24, 1913, **held**, that no cause of action was stated in the complaint, unless the bond covered past defaults; that while under said allegations some or all of the acts complained of may have occurred after the bond was executed, yet all of said acts may have occurred prior thereto, and said allegations might be literally true and still not render defendant liable, there being no presumption that where a series of acts are alleged to have occurred between two dates, the first and last acts took place on the first and last dates, respectively.

    Smith, J., concurring specially.   McCoy, P. J., dissenting

2. **Same—Fidelity Bond—Rule of Construction as Covering Past Defaults.**

    Where the obligation or intent in a fidelity bond covered all loss sustained "by reason of the fraud or dishonesty" of the party whose acts were insured against, and the bond in terms continued in effect "for one year from January 18, 1913," **held**, that, while the first clause, standing alone, was broad enough to include losses occurring before execution of the bond, yet it is the general rule that contracts such as fidelity bonds and insurance policies look only to the future, and bind the surety or insurer only for future losses, in absence of a clearly expressed intent to the contrary; and language clearly showing such contrary intent must be found in the instrument in order to render surety liable thereunder for past defaults, of the person insured against.

    McCoy, P. J., dissenting.

Appeal from Circuit Court, Pennington County.   Hon. Levi McGee, Judge.

Action by the Adams Company against the Western Surety Company and others, to recover on a fidelity bond.   From a judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Reversed.

*Joe Kirby*, for Appellants.

*Martin & Mason,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Schwenk v. Naylor, 49 N. Y. Sup. Ct. 99; Rumsey v. Robinson, (Ia.) 12 N. W. 243.

Respondent cited: Supreme Council v. Fidelity and Casualty Co., of New York, 63 Fed. Rep. 48.

POLLEY, J. [1] This action is brought to recover on a fidelity bond. The defendant Nesbit had been in the employ of plaintiff for a year or more before the execution of the bond, and by the terms of the bond the defendant surety company agreed to indemnify the plaintiff for any loss, not exceeding $2,000, it might suffer by reason of the fraud or dishonesty of the said Nesbit. The bond was executed on the 9th day of January, 1913, and was to remain in force for one year after the 18th day of January, 1913. In its complaint plaintiff alleges that, between the 18th day of January, 1912, and the 24th day of February, 1913, said Nesbit fraudulently and dishonestly appropriated to his own use various sums, aggregating an amount of money in excess of the amount specified in the bond. To this complaint the defendant surety company demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action. From an order overruling this demurrer, said surety company appeals.

It will be noted that the defalcations of the said Nesbit are alleged to have taken place between the 18th day of January, 1912 —one year prior to the execution of the bond—and the 24th day of February, 1913. It is claimed by appellant that this allegation fails to show any liability against the appellant, because, admitting the defalcations to have taken place between the dates named, still the entire loss may have occurred before the execution of the bond, and, for that reason appellant would not be liable. On the other hand, it is contended by respondent that, under the allegations of the complaint, at least a part of the sums of money so misappropriated were misappropriated after the execution of the bond, and that, so far as such sums are concerned, the complaint does state a cause of action. This is upon the theory that, where a series of acts are alleged to have occurred between two dates, it will be presumed that the first and last acts occurred, respectively, on the first and last dates named. But we know of no such presumption of law. Of course, under the allegations of

the complaint, it is possible that some, or even all, of the acts complained of may have occurred after the bond was executed; but, on the other hand, it is just as possible that all of the acts complained of occurred prior to the execution of the bond, and for which appellant would not be liable. Thus the allegations of the complaint may be literally true, and still the appellant not be liable. The defect in the complaint is more than a mere question of uncertainty. It goes to the sufficiency of the complaint, and such complaint is insufficient, unless, as claimed by respondent, under the terms of the bond in question, appellant became liable not only for such sums of money as may have been misappropriated after the execution of the bond, but for such sums, if any, as may have been misappropriated prior thereto.

[2] This presents a question that is altogether novel to this court. Of course a bond could be so framed as to render a surety liable for past delinquencies, but language must be used that clearly shows such was the intention and understanding of the surety when the bond was executed. Our attention is called to the rule that bonds of this character are usually prepared by the surety, and, if doubtful, should be construed most strongly against the surety and in favor of the indemnity which the assured had reasonable grounds to expect. But has the assured in this case any reasonable ground to expect the indemnity it is now contending for? In other words, is there anything in the bond to furnish grounds for any such expectation? By the terms of the bond, appellant covenants to make good and reimburse respondent for any and all pecuniary loss sustained by respondent "by reason of the fraud or dishonesty" of the said defendant Nesbit, not exceeding the amount named in the bond, and that said bond shall "be and continue in force for one year from January 18, 1913." The first clause, including, as it does, any and all pecuniary loss that might be sustained by respondent by reason of the fraud or dishonesty of the said Nesbit, is broad enough, standing alone, to include losses that occurred before the execution of the bond as well as after; and, because the latter clause, fixing the period within which the bond is to continue in force, does not expressly limit respondent's liability to losses that occurred between January 18, 1913, and January 18, 1914, counsel contend that it fails to provide any limitation whatever as to the time of the

occurrence of losses, except that they must occur before the 18th of January, 1914. · With this contention we cannot agree. It is the general, if not the invariable, rule that contracts such as fidelity bonds, insurance policies, and the like, look only to the future, and bind the surety or insurer only for losses that occure in the future; and, in the absence of language in the bond or · policy clearly showing a contrary intent on the part of a surety, we hold that appellant is not liable for losses that occurred before the bond was executed.·

Our attention has been called to but two cases where a question similar to the one presented here was considered by the court. Supreme Council Catholic K. of A. v. Fidelity & Casualty Co., 63 Fed. 48, 11 C. C. A. 96, was an action to recover on a fidelity bond. The bond sued on was accepted by the company on the 20th day of July 1891. It contained a recital that it was "made July 1, 1891," and, on the back of the bond was indorsed: "Date of bond July 1, 1891; expires July 1, 1892." The bond was dated July 19, 1891, but the company received a premium covering one year, expiring July 1, 1892, and the court held that the bond was in effect from July 1, 1891, to July 1, 1892, and covered losses that occurred between the 1st and 10th of July, 1891. Dorsey v. Fidelity & Casualty Co., 98 Ga. 456, 25 S. E. 521, was an action on a fidelity bond wherein the surety company covenanted to indemnify the receiver of a railroad for the failure of his employes, upon the termination of their employment, to deliver to said receiver any property in their hands to which the receiver was entitled. A certain employee failed, upon terminating his employment, to deliver to the receiver property to which the receiver was entitled, but it appeared that the property in question had been wrongfully delivered to a third party before the bond was executed, and the court held that the receiver was not entitled to recover. Neither of these opinions support the position of respondent.

The complaint fails to state a cause of action upon either theory advanced by respondent, and the demurrer should have been sustained.

The order appealed from is reversed.

SMITH, J. (concurring). The question upon the demurrer in this case is, not whether plaintiff might *be able to prove* that

the defalcation occurred between January 18, 1912, and February 24, 1913, but whether the plaintiff has pleaded facts which, if proved exactly as alleged, would entitle it to a judgment. A demurrer admits facts alleged in a pleading with the same effect as though the *same facts* had been conclusively proved. In this case the demurrer admits that a defalcation occurred, not between January 18, 1913, and February 24, 1913, but between January 18, 1912, and February 24, 1913.

Do the facts thus admitted affirmatively show that plaintiff is entitled to a judgment? The answer is—if the terms of the bond entitle plaintiff to recover for a defalcation occurring prior to the giving of the bond, such facts would conclusively show its right to a judgment. But if the terms of the bond entitle plaintiff to recover only for a defalcation occurring between January 18, 1913, and February 24, 1913, then plaintiff has not affirmatively shown facts that entitle it to recover.

This court, I think, correctly holds as matter of law, that under the terms of the bond plaintiff can recover only for a defalcation occurring within the bonded period. Suppose, then, that plaintiff had shown conclusively, by evidence, that a defalcation had occurred, but had wholly failed to show that it occurred *within the bonded period*—would it be entitled to a judgment? Clearly not. This is exactly the situation presented by the demurrer. In the first instance the evidence would be too indefinite and uncertain; in the second, the facts alleged are too indefinite and uncertain. In neither case are all the necessary elements of a cause of action shown. In such cases a demurrer will lie. Connersville v. Connersville Hydraulic Co., 86 Ind. 235; Phillips v. Sonora Copper Co., 90 App. Div. 140, 86 N. Y. Supp. 200; Millican v. McNeil (Tex. Civ. App.) 50 S. W. 428; Reid v. Lyttle, 150 Ky. 304, 150 S. W. 357.

The "indefiniteness" and "uncertainty" in the allegations of this complaint are not such that "the precise nature of the charge or defense is not apperent." The "precise nature of the charge," the purpose of the action, is shown to be a recovery for a defalcation, upon an indemnity bond, but the facts alleged are insufficient to show a liability on the bond. The "precise nature of the charge" being apparent on the face of the pleading itself, section 137, Code Civ. Proc., is not necessarily applicable or con-

trolling.   The complaint, not affirmatively showing a defalcation within the bonded period, does not state a cause of action, and the trial court was wrong in overruling the demurrer.   It is true, if no demurrer had been interposed, the question whether plaintiff could recover for a defalcation occurring prior to the bonded period might have been raised by an objection to evidence of a defalcation prior to that period, or by a request for, or an exception to, an instruction, and that an objection to evidence of a defalcation *within the bonded period,* on the ground that the complaint did not state a cause of action, might have been overruled without prejudicial error.   But the rule invoked in such cases is one of practice rather than pleading, and does not dispense with the necessity of alleging every material element of a cause of action when the pleading is attacked by demurrer.   McCormick Harvesting Mach. Co. v. Rae, 9 N. D. 482, 84 N. W. 346.   No reversible error is shown when fatal imperfections in a pleading are cured by proper proof.   The rule extends no further.   Bon Homme Co. v. McLouth, 19 S. D. 555, 104 N. W. 256.

McCOY, P. J. (dissenting).   I am of the view that the trial court committed no error in overruling the demurrer.   The complaint is indefinite and uncertain as to the matter of time, but that is not a ground for general demurrer.   It should have been attacked by a motion to make more definite or by a motion for a bill of particulars.   2 Wait's Prac. 486.   Prindle v. Caruthers, 15 N. Y. 425; Rev. Code Civ. Pr. § 137.   The majority opinion contains this language:

"Of course, under the allegations of the complaint, it is possible that some, or even all, of the acts complained of may have occurred after the bond was executed; but, on the other hand, it is just as possible that all the acts complained of occurred prior to the execution of the bond, and for which appellant would not be liable."

Under this state of affairs, I am of the view that the demurrer was properly overruled.   *If the allegations are susceptible to two constructions, one constituting a valid cause of action and the other not, a motion, and not a demurrer, is the proper remedy.*   Stieglitz v. Belding, 20 Misc. Rep. 297, 45 N. Y. Supp. 670; Hart v. Neillsville, 125 Wis. 546, 104 N. W. 699, 1 L. R. A. (N. S.) 956! 4 Ann. Cas. 1085.   The test, under the reform code

.system, is, will the language used, under any reasonable construction, sustain any part of the cause of action? Emerson v. Nash, 124 Wis. 369, 102 N. W. 921, 70 L. R. A. 326, 109 Am. St. Rep. 944; Hall v. Bell, 143 Wis. 296, 127 N. W. 967. The question here presented is not within the rule held in Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512, where the occurrence of a fact at some particular time was material and necessary to the cause of action or defense alleged. In that case there was entire absence of allegation as to particular time. In the case present there is an allegation as to time, but the allegation covers time not covered by the obligation which is the subject of the cause of action, but it also covers time which is covered by the obligation alleged. It is not material on what particular day during the existence of the obligation sued on any defalcation might have taken place. As stated in the majority opinion, under the allegations of this complaint, the whole of the acts complained of might have taken place after the bond was executed. That being true, any acts constituting a breach of the conditions of the bond, occurring after its execution, were properly admissible in evidence under this complaint. The ancient illiberal and technical rule that a pleading is to be construed most strongly against the pleader where it is susceptible of two constructions, one sufficient and the other not, has been abrogated by the modern reform system of Code Procedure. Emerson v. Nash, supra: Laun v. Kipp, 155 Wis. 347, 145 N. W. 183; Morse v. Gillman, 16 Wis. 504. Justice Smith in his concurring opinion uses this language:

"Suppose, then, that plaintiff had shown conclusively, by evidence, that a defalcation had occurred, but had wholly failed to show that it occurred *within the bonded period*—would it be entitled to a judgment? Clearly not."

I fully agree with that proposition, for under that supposition the matter of time would be reduced to a conclusive certainty. If the complaint in question contained no statement as to the time of the alleged defalcation, it would be clearly bad. But that is not the fact in this case. There is a surplus of time alleged in this case. What I am contending for is this: That under the complaint in question, in the absence of a motion to make the same more definite, the plaintiff would have been entitled, on the

trial, to have introduced evidence showing that the defalcation, if any, occcurred *within the bonded period.* The only question here is the construction to be placed upon a pleading—not a question of practice at all. It is a question of whether or not evidence might properly have been introduced showing the defalcation alleged to have been at a time covered by the bond. The test of the sufficiency of a complaint is, Can evidence, sufficient to make out a prima facie case, be properly admitted thereunder? If plaintiff, under this complaint, had obtained a judgment on default, it would have been valid, as the presumption would then have been that the defalcation occurred during time covered by the bond. The judgment of the trial court should be affirmed.