LYNCH *et al.* v. BLANTON.

GILBERT, J. This case, as to the issues of law, is controlled by the case of *Stanford* v. *Lynch et al.*, ante, 518. The plaintiffs in error excepted to the judgment solely upon the ground that the court refused to declare vacant the office of the defendant in error. The court did not err in this ruling, under the facts, notwithstanding the character of the proceeding.     *Judgment affirmed. All the Justices concur.*

No. 429. JANUARY 15, 1918.

Equitable petition. Before Judge Howard. Harris superior court. May 28, 1917.

*A. L. Hardy,* for plaintiffs. *T. T. Miller,* for defendant.

---

JOHNSON *v.* STEVENS.

GEORGE, J. When the paper purporting to be a bill of exceptions first came to the reviewing court, the accompanying certificate was not signed by the presiding judge; and the bill of exceptions itself was not signed by plaintiff in error or his counsel, but was signed, through inadvertence, by the judge. More than thirty days since the date of the judgment complained of in the bill of exceptions had then elapsed. The clerk refused to docket the case, on the ground that the bill of exceptions, together with the certificate of the trial judge, constitutes the writ of error; and the certificate not having been signed by the judge, the paper was returned to the clerk of the trial court. The foregoing facts affirmatively appear from an inspection of the record in this case, of file in the office of the clerk of this court, and are fully set forth in a verified motion to dismiss, filed by counsel for defendant in error and served upon counsel for plaintiff in error. In *Sumner* v. *Sumner*, 116 *Ga.* 798 (43 S. E. 57), it is ruled that "a paper purporting to be a bill of exceptions, but not signed by the plaintiff in error or his counsel when certified by the trial judge, is not a legal bill of exceptions." In *O'Connell* v. *Friedman*, 117 *Ga.* 948 (43 S. E. 1001), it is said: "Where such a paper is presented to the trial judge within the time provided by law for tendering a bill of exceptions, and, after the expiration of that time, is signed by counsel for the plaintiff in error and certified by the judge, the requirements of the law as to tendering bills of exceptions have not been met, and this court has no jurisdiction to consider the paper thus brought before it." The motion to dismiss must therefore be sustained. Cf. also *Moss* v. *Myers*, 12 *Ga. App.* 68 (76 S. E. 768).     *Writ of error dismissed. All the Justices concur.*

No. 425. JANUARY 15, 1918.

Writ of error; from Coffee superior court.

*Levi O'Steen,* for plaintiff in error.

*Lankford & Moore,* contra.