## LOTT *et al. v.* CITY OF WAYCROSS.

"A paper purporting to be a bill of exceptions, properly certified by the trial judge, but not signed by the plaintiff in error or his counsel, is not a legal bill of exceptions, and cannot be amended in the Supreme Court by attaching counsel's name thereto." This court has no jurisdiction of the case, and jurisdiction cannot be conferred by a written waiver or consent of the defendant in error that the bill of exceptions

be signed by counsel for the plaintiff in error nunc pro tunc. It appearing that this court has no jurisdiction, it will dismiss the writ of error of its own motion.

No. 2545. NOVEMBER 16, 1921. REHEARING DENIED JANUARY 13, 1922.

Petition for injunction; from Ware superior court.

When this case reached the Supreme Court the clerk notified counsel for .the plaintiff in error that the bill of exceptions had not been signed by the plaintiff in error or his attorney. In response, such counsel addressed a letter to the clerk of this court, enclosing the written consent of the attorney for the defendant in error that the bill of exceptions might be signed by counsel for plaintiff in error nunc pro tunc; and counsel for the plaintiff in error authorized and requested the clerk of this court to sign their names to the bill of exceptions.

*Parks, Reed & Garrett,* for plaintiffs.

*D. M. Parker,* for defendant.

GILBERT, J. From the preceding statement of the record it is obvious that when what purported to be a bill of exceptions was filed in this court it was fatally defective, because it had never been signed by the plaintiff in error or his counsel. Without being thus signed it is not a legal bill of exceptions. The Civil Code (1910), § 6139 declares, in part, that bills of exceptions shall be signed by the complaining party or his attorney or solicitor. " A bill of exceptions cannot be amended except as provided by law. Sections 5570 and 5573 of the Civil Code, providing for the amendment of bills of exceptions, are confined to such imperfections or omissions of necessary and proper allegations as can be cured or supplied from the transcript of the record." *Consolidated Naval Stores Co.* v. *McPhatter,* 147 *Ga.* 798 (95 S. E. 686) ; *Winn* v. *State,* 124 *Ga.* 811 (53 S. E. 318) ; *Board of Education* v. *Day,* 128 *Ga.* 156 (57 S. E. 359) ; *Summerlin* v. *State,* 130 *Ga.* .791 (61 S. E. 849). A bill of exceptions, after being filed in this court, cannot be amended by changing the date of the certificate to a different date." *Perry* v. *Higgs,* 6 *Ga.* 43; *Turner* v. *Collins,* 8 *Ga.* 252, 254; *Jones* v. *State, Oglesby* v. *State, Sowell* v. *Mills,* 127 *Ga.* 281 (56 S. E. 453) ; `Cordray` v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697) ; *Norris* v. *Baker County,* 135 *Ga.* 229 (69 S. E. 106) ; *Consolidated Naval Stores Co.* v. *McPhatter,* supra. In the case of *Speer* v. *Merryman,* 56 *Ga.* 529, it appeared on the call of the case in this court that the

bill of exceptions was not signed by the plaintiff in error or his counsel. The defendant in error moved to dismiss the writ, on that ground. Counsel for plaintiff in error, to cure the omission, proposed to sign the bill of exceptions as required by law. This the court refused to permit, and the writ of error was dismissed. In *Wellborn* v. *Atlanta Consolidated R. Co.*, 92 *Ga.* 577 (17 S. E. 672), the court said: "A paper purporting to be a bill of exceptions properly certified by the trial judge, but not signed by the plaintiff in error or his counsel, is not a legal bill of exceptions, and cannot be amended in the Supreme Court by attaching counsel's name thereto." Accordingly, upon motion, the writ of error was dismissed. Again the same question came before this court in *O'Connell* v. *Friedman,* and *Peeples* v. *Cavender,* 117 *Ga.* 948 (43 S. E. 1001), both cases being considered together. The headnote was as follows: "An unsigned paper purporting to be a bill of exceptions is in no case a bill of exceptions. Where such a paper is presented to the trial judge within the time provided by law for tendering a bill of exceptions, and, after the expiration of that time, is signed by counsel for the plaintiff in error and certified by the judge, the requirements of the law as to tendering bills of exceptions have not been met, and this court has no jurisdiction to consider the paper thus brought before it." In this decision the case of *Speer* v. *Merryman,* supra, was cited as authority, and it was said: "This court held that 'Where a bill of exceptions is signed neither by the plaintiffs in error nor their counsel, the writ of error will be dismissed,' and that the defect could not be cured by amendment after the case had reached this court. The reason for such a ruling is manifest. No person not a party to a case, although interested in its determination, can file exceptions to any ruling of the court in such case. . . . In both the cases now under consideration, it affirmatively appears that the paper tendered to the trial judge as a bill of exceptions was not signed by either the complaining party or his counsel within the time required by law for a bill of exceptions to be tendered. It follows, therefore, in the light of the Civil Code, § 5527 [Civil Code 1910, § 6139] that no legal bill of exceptions was presented within that time, and consequently there was nothing that could be subsequently amended. The law is just as imperative that a paper purporting

to be a bill of exceptions shall in reality be one as that it shall specify the decision complained of and the alleged error." In the opinion a number of cases, in addition to those of *Speer* v. *Merryman* and *Wellborn* v. *Consolidated R. Co.,* were cited, where bills of exceptions were dismissed because the same were not signed by the plaintiff in error or his counsel. This case was cited as authority in the cases of *Johnson* v. *Stevens,* 147 *Ga.* 521 (94 S. E. 1011), and *Town of Adel* v. *Littlefield,* 149 *Ga.* 56 (99 S. E. 38). In the latter case the bill of exceptions was not signed by the plaintiff in error or his attorney within the time required by law. The trial judge consented for the attorney to sign the bill of exceptions after the time within which he could sign it had expired. This court said: "It thus appears that the requirements of the law as to tendering bills of exceptions, and of certifying the same, have not been complied with; and the Supreme Court in such case is without jurisdiction to consider the paper thus brought before it. It follows that the bill of exceptions must be dismissed." See also *Mitchell* v. *Yow,* 147 *Ga.* 560 (94 S. E. 1012).

It is insisted, however, that the omission to sign the bill of exceptions is such defect of omission as could be waived by the defendant in error, or cured by amendment, and thus enable this court to entertain jurisdiction. As we have shown above, where the bill of exceptions is not signed within the time required by law this court is without jurisdiction to decide the case. The question before us, therefore, is not whether an irregularity may be waived, but whether by consent of both parties, or their counsel, jurisdiction, which otherwise is wanting, may be conferred upon this court. As authority for their contention counsel for the plaintiffs in error directs our attention to the case of *Dorsey* v. *Fidelity & Casualty Co.,* 98 *Ga.* 456 (25 S. E. 521). As this case appears in the reports, no mention is made of this question. There is no hint or mention of the question of jurisdiction. We find, however, from an examination of the original record of file in the clerk's office that the exact situation existed in that case as in this. Jurisdiction was entertained, but no reference was made to the question of jurisdiction in the report of the case as published. On the other hand, a contrary ruling has uniformly been adopted in all cases found in the published reports. At a

very early date in the history of this court, less than ten years after its establishment, the question arose in the case of *Raney v. McCrae,* 14 *Ga.* 593 (60 Am. D. 660), as to whether jurisdiction could be conferred on a court by consent, and it was said: "Parties by consent, express or implied, cannot give jurisdiction to the court as to the person or the subject-matter. It may be waived, however, as to the person, so far as the rights of the parties themselves are concerned." The jurisdictional question in this case had reference to the evidence of the defendant. In the case of *Block* v. *Henderson,* 82 *Ga.* 25 (8 S. E. 877, 3 L. R. A. 325, 14 Am. St. R. 138), it was said: "Whenever the court has jurisdiction over the subject-matter of the suit, the defendant therein can waive the jurisdiction as to his person; but if the court has neither jurisdiction of the subject-matter nor of the person, no waiver by defendant can give the court jurisdiction." Compare *Board of Education* v. *Day,* 128 *Ga.* 156, 160 (supra); *Georgian Co.* v. *Kinney,* 19 *Ga. App.* 732 (4) (92 S. E. 31). The service of bills of exception on the opposite party formerly stood upon the same plane, and a failure to effect such service was fatal to the writ of error. It required an act of the General Assembly to enable this court to entertain jurisdiction where there was a written waiver of such service. In *Meador* v. *Dent,* 48 *Ga.* 126, the report of the case is as follows: "When the above-stated case was called in the Supreme Court, it appeared that the bill of exceptions had reached this court without any service having been made upon the defendants in error; that counsel for plaintiff in error then secured the written waiver of each of the defendants in error of such service, and their consent that the case be tried as if service had been regularly perfected. The court held that it had no jurisdiction, and refused to hear the case." The headnote is as follows: "There having been no service of the bill of exceptions, as required by law, the written waiver of such service, after the case has been reached in the Supreme Court, cannot give said court jurisdiction of the same." Subsequently to the decision in this case the General Assembly passed an act (Acts 1877, p. 76) which appears in the Civil Code of 1910, § 6160 (3), as follows: "No case shall be dismissed by the Supreme Court for want of service, when the party benefited by a failure to serve shall — if the bill of exceptions and a copy of

16

the record in any case shall be in the hands of the clerk of the Supreme Court — waive service and agree that said case may be heard." In *Georgia, Fla. & Ala. R. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15), this court said in the opinion at p. 685: "It appears that in *Meador* v. *Dent,* 48 *Ga.* 126, counsel for the plaintiff in error secured a written waiver of service from the opposite side; but as the record did not disclose that service had been perfected, the writ of error was dismissed, the court holding it was without jurisdiction and that the parties could not by consent confer jurisdiction upon it. And it was not until later, when the legislature expressly authorized such a waiver of service to be made (Civil Code, § 5547) [Civil Code of 1910, § 6160 (3)], that this court could entertain jurisdiction of a case where the record failed to disclose the jurisdictional fact of service upon the defendant in error." On the question of conferring jurisdiction by consent, in the case of *Dix* v. *Dix,* 132 *Ga.* at p. 632 (64 S. E. 790), Mr. Justice Lumpkin said: "It is rudimentary law that parties cannot, by consent express or implied, give jurisdiction to a court; that as to the subject-matter the court is limited by the powers conferred upon it by law, and cannot be given additional power or jurisdiction by consent of the parties or by waiver; but that as to the jurisdiction of the person, the point may generally be waived, so far as the rights of the parties are concerned, but not so as to prejudice the rights of third persons." We think it is obvious that where a bill of exceptions has not been signed by the plaintiff in error or his counsel, the absence of jurisdiction in this court is complete, and applies both to the subject-matter and to the persons. And this appears to be the universal rule. 7 R. C. L. 1039, § 70. Indeed the Civil Code (1910), § 6250, Rule 31, declares: "If the court has no jurisdiction, it will dismiss the writ whenever and however this may appear." The court will do so of its own motion. *Cutts* v. *Scandrett,* 108 *Ga.* at p. 634 (34 S. E. 186). "It is not only the right, but the duty, of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. *Welborne* v. *State,* 114 *Ga.* 796 (40 S. E. 857). The cases, civil and criminal, wherein bills of exceptions were dismissed by the court on its own motion for lack of jurisdiction, because the same were

not certified within the time required by law, where the exception was not to a final judgment, and the like, are too numerous to require citation. " A court will recognize want of jurisdiction over the subject-matter, even if no objection is made; and therefore whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction it is powerless to act in the case." 7 R. C. L. 1043, § 75. See *Jones* v. *State,* 146 *Ga.* 8 (3) (90 S. E. 280). From what has been said above we think it the sounder and better view of the question to follow the uniform rulings as reported in the cases previously and subsequently decided by this court, as well as what appears to be the universal rule, than to adopt the contrary view, as was done in the case of *Dorsey* v. *Fidelity '& Casualty Co.,* supra.

*Writ of error dismissed. All the Justices concur.*