## 14009. ELROD v. THE STATE.

A bill of exceptions not signed by the plaintiff in error or his counsel must be dismissed, although opposing counsel agree that it shall be amended by adding the necessary signature.

DECIDED DECEMBER 12, 1922.

Indictment for cheating and swindling; from Murray superior court — Judge Tarver. September 25, 1922.

*H. H. Anderson,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

BLOODWORTH, J. The bill of exceptions in this case is not signed by plaintiff in error or his counsel. Counsel for plaintiff in error moved the court to allow them to amend the bill of exceptions by signing their names thereto, it appearing that counsel for the State agreed that such amendment be allowed. In *Lott* v. *City of Waycross,* 152 *Ga.* 237 (110 S. E. 217), the Supreme Court held: "A paper purporting to be a bill of exceptions, properly certified by the trial judge, but not signed by the plaintiff in error or his counsel, is not a legal bill of exceptions, and cannot be amended in the Supreme Court by attaching counsel's name thereto. This court has no jurisdiction of the case, and jurisdiction cannot be conferred by a written waiver or consent of the defendant in error that the bill of exceptions be signed by counsel for plaintiff in error nunc pro tunc. It appearing that this court has no jurisdiction, it will dismiss the writ of error of its own motion." Under the above ruling the bill of exceptions cannot be amended and this court has no jurisdiction of the case.

*Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*