36800.   GRAHAM *v.* CONTINENTAL CASUALTY COMPANY *et al.*

DECIDED OCTOBER 10, 1957.

*Dubignion (Dub) Douglas, Jones & Douglas,* for plaintiff in error.

*Carl K. Nelson, Jr., Nelson & Nelson,* contra.

QUILLIAN, J. *Moss* v. *Myers,* 12 *Ga. App.* 68 (76 S. E. 768), similar on its facts to the instant case, was one in which a bill of exceptions filed in this court appeared upon its face to have been signed by counsel for the plaintiff in error but there was no entry on the bill of exceptions and nothing in the record from which the date the signature had been affixed could be ascertained. Counsel for the defendant in error filed an affidavit in which he stated that the bill of exceptions was filed, but had not been signed by counsel for the plaintiff in error prior to the judge's certificate. The plaintiff in error did not deny the facts set forth in the affidavit filed by counsel for the defendant in error.

The court in the *Moss* case at page 71 held: "Moreover, there is no issue of fact raised upon the motion to dismiss for this court to determine. We perhaps would not hear evidence that the bill of exceptions had not been signed at all, because it purports to have been signed by the counsel for the plaintiff in error; but the signature is not dated, and there is nothing upon the face of the record to show affirmatively that the bill of exceptions was signed before it was certified by the judge. In the absence of proof to the contrary, this court would presume that the bill of exceptions had been signed in due course,—that is, before it was tendered to the judge for certification."

In order to form an issue of fact the affidavit of counsel for the plaintiff in error, or some other person with knowledge of whether the bill of exceptions was signed by counsel when presented to the trial judge, should have been submitted to this court. Had an issue of fact been formed, the record would have prevailed, and this court would have presumed that the bill of exceptions had been signed in due course.

While it is true, counsel for the plaintiff in error did assert in his brief that the bill of exceptions had been properly signed

prior to the judge's certifications, this amounts to mere argument of this case and does not constitute evidence to rebut the affidavit of counsel for the defendants in error.

There being no counter-affidavit filed by counsel for the plaintiff in error, the facts set forth in the affidavit of counsel for the defendants in error must be taken as true, and under authority of *Moss* v. *Myers,* 12 *Ga. App.* 68, supra; *Sumner* v. *Sumner,* 116 *Ga.* 798 (43 S. E. 57) and *O'Connell Bros.* v. *Friedman, Keiler & Co.,* 117 *Ga.* 948 (43 S. E. 1001), the writ of error must be

*Dismissed. Felton, C. J., and Nichols, J., concur.*