39945, 39946.   IRVIN v. AUGUSTA-RICHMOND COUNTY BOARD OF ZONING APPEALS; and vice versa.

Russell, Judge. A motion to dismiss the bill of exceptions has been filed by counsel for the defendant in error on the ground that when the bill of exceptions was presented to the trial judge and the certificate thereon signed by him it was not itself signed by either the movant, his counsel, or anyone for him. The motion is supported by affidavits of the trial judge and the Clerk of the Superior Court of Richmond County to the effect that the bill of exceptions was not signed when it was presented to the judge, when the certificate was signed by him, or when it was presented to the clerk to be filed, but that the clerk "later" called the attention of the movant to the omission and the signature was then affixed. These facts are not disputed either in the briefs or in the argument of the case.

This court is loth, except upon the most demanding of precedents, to dismiss a case here on appeal for a technicality so apparently trivial as the order in which the signatures of the movant and the judge respectively were affixed to the bill of exceptions. The writ appears on its face to be in proper form on its arrival here. Nevertheless, examination of the original record in *Sumner v. Sumner*, 116 Ga. 798 (43 SE 57) as well as the discussion of that case in *O'Connell Bros. v. Friedman, Keiler & Co.*, 117 Ga. 948 (43 SE 1001) reveals that the procedures followed here and in *Sumner* are identical—that is, a motion to dismiss on the stated ground

supported by the affidavits of the trial judge and the clerk of the court, and not denied by counter-affidavit. Since the unsigned paper tendered to the trial judge was not in fact a valid bill of exceptions, and the addition of the signature at a later time could not transform it into one (*Code Ann.* § 6-901; *Graham v. Continental Cas. Co.*, 96 Ga. App. 495, 100 SE2d 597; *Sumner v. Sumner*, supra), it follows that both the main bill and cross-bill of exceptions must be

*Dismissed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED JANUARY 25, 1963.

*Claud R. Caldwell,* for plaintiff in error.

*Bell & Bell, John C. Bell, Congdon & Holley, R. Eugene Holley,* contra.