# Court of Appeals
# of the State of Georgia

ATLANTA,   December 15, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1536. IN RE: VERONICA E. BRINSON.**

On November 19, 2015, this Court issued an opinion affirming the trial court's order holding Appellant Veronica E. Brinson (an attorney) in contempt of court for actions she took while representing Frank Reeves in the underlying murder prosecution.[1]

"It is incumbent upon [an appellate court] to inquire into its own jurisdiction."[2] Indeed, an appellate court "has a solemn duty to inquire into its jurisdiction to entertain an appeal whenever there may be any doubt as to its existence."[3]

While appeals of contempt orders may be taken directly to the Court of Appeals and the Supreme Court of Georgia,[4] jurisdiction of all pre-conviction appeals in *murder* cases, including appeals from contempt orders in murder cases, lies in the

---

[1] *State v. Reeves* (Bibb County Superior Court Case No. 13-CR-68894).

[2] *Todd v. Todd*, 287 Ga. 250 (1) (703 SE2d 597) (2010) (citation and punctuation omitted); see *Hammonds v. Parks*, 319 Ga. App. 792, 793 (2) (735 SE2d 801) (2012).

[3] *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 884 (655 SE2d 605) (2008) (footnote omitted); see generally *Lott v. City of Waycross*, 152 Ga. 237, 241 (110 SE 217) (1921) (a court's subject-matter jurisdiction is limited by the powers conferred upon it by law; such jurisdiction cannot be acquired by consent or waiver).

[4] See OCGA § 5-6-34 (a) (2).

Supreme Court.[5] The Supreme Court has ordered: "The Court of Appeals is directed to transfer to the Supreme Court all cases in which either a sentence of death or of life imprisonment has been imposed upon conviction of murder, *and all pre-conviction appeals in murder cases*."[6]

"[I]f the court is without jurisdiction[,] it is powerless to act in the case."[7] Thus, this Court was without power to issue an opinion in this case; it is likewise without power to decide the motions filed in this case (for reconsideration and to withdraw as counsel).

Accordingly, the opinion issued by this Court in this case on November 19, 2015 is hereby VACATED, and the appeal is TRANSFERRED to the Supreme Court of Georgia for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___12/15/2015___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[5] *State v. Murray*, 286 Ga. 258, 259 (1) (687 SE2d 790) (2009).

[6] *State v. Thornton*, 253 Ga. 524 (1) (322 SE2d 711) (1984) (citation and punctuation omitted; emphasis supplied).

[7] *Lott*, supra at 243 (citations and punctuation omitted).